2005 ND 129

**Bruce LEE, Plaintiff, Appellant
and Cross–Appellee**

**v.**

**Susan LEE, Defendant, Appellee
and Cross–Appellant.**

**No. 20040184.**

Supreme Court of North Dakota.

July 13, 2005.

Loren C. McCray, Bismarck, ND, for plaintiff, appellant and cross-appellee.

Brenda A. Neubauer, Neubauer & Oster, Bismarck, ND, for defendant, appellee and cross-appellant.

KAPSNER, Justice.

[¶ 1] Bruce Lee appeals the district court's denial of his motion to establish child support. Susan Lee cross-appeals the district court's denial of her motion to reestablish and increase spousal support. We reverse and remand.

## I.

[¶ 2] The parties separated in 2001 following a 21-year marriage, and their divorce judgment was entered in 2002. They had one minor child at the time of the divorce. The parties signed a stipulation which was incorporated into the divorce judgment. The stipulation provided Bruce Lee would receive primary physical custody of the child and pay a reduced amount of spousal support to Susan Lee in exchange for her not having a child support obligation.

[¶ 3] Bruce Lee filed a motion to establish child support in January 2003, and Susan Lee filed a cross motion in February 2003 for increased spousal support. The district court denied both motions in July 2003, finding child support and spousal support had "become interrelated" and the stipulation indicated child support would not be sought until all spousal support payments had been made. Bruce Lee fulfilled his spousal support obligation of $250 per month for 24 months and then filed a second motion to establish child support. Susan Lee filed a motion to reestablish and increase the amount of the spousal support obligation. The district court denied both motions and awarded Susan Lee $1,500 in attorney fees.

## II.

[¶ 4] A trial court's decision on a motion to modify child support is a finding of fact reviewed under the clearly erroneous standard. *Rueckert v. Rueckert*, 499 N.W.2d 863, 868 (N.D.1993). "A finding of fact is clearly erroneous if, although there is some evidence to support it, a reviewing court, on the entire record, is left with a definite and firm conviction that a mistake has been made, or if it was induced by an erroneous view of the law." *Id.*

## A.

[¶ 5] The stipulated divorce decree states Susan Lee would not have a child support obligation "at this time ... in consideration for a lesser spousal support award." Bruce Lee argues the language of the stipulation clearly states he did not waive his right to ever receive child support, but only waived the right to receive it at the time of the divorce. Susan Lee argues she agreed to a reduced spousal support award because she understood the stipulation to relieve her of ever having a child support obligation.

[¶ 6] When a divorce stipulation has been incorporated into a judgment, we are concerned with the interpretation and enforcement of the judgment, not the underlying contract. *Jorgenson v. Ratajczak*, 1999 ND 65, ¶ 13, 592 N.W.2d 527. Interpretation of a judgment is a question of law, which is fully reviewable. *Id.* "When a judgment is clarified by the same trial judge who entered it, we afford the clarification considerable deference." *Karsky v. Kirby*, 2004 ND 110, ¶ 8, 680 N.W.2d 257.

[¶ 7] The stipulation was incorporated into the divorce judgment in January 2002.

The judge who entered the divorce judgment denied Bruce Lee's first motion to establish child support in July 2003, finding "[c]hild support and spousal support have become interrelated." Likewise, a different judge, sitting on this motion, found the parties intended to intertwine the issues of spousal support and child support and rejected the words "at this time" as they related to Susan Lee's child support obligation.

B.

[¶ 8] "[T]he best interests of the children require child support obligors to provide adequate support and maintenance for their minor children." *Smith v. Smith*, 538 N.W.2d 222, 226 (N.D.1995); *see generally* N.D.C.C. § 14–09–08. For this reason, this Court has said, "parental agreements that prohibit or limit the power of a court to modify future child support are invalid." *Id.* This Court encourages settlements in divorce actions, but "take[s] a dim view of agreements purporting to sign away the rights of a child in support settings—not from a contractual background, but from a public policy one." *Id.* (citing *Rueckert v. Rueckert*, 499 N.W.2d 863, 867 (N.D.1993)). Trial courts should not accept parental stipulations regarding child support if the court determines the stipulation is not in the child's best interests. *Rueckert*, at 867.

[¶ 9] "There is a rebuttable presumption that the amount of child support that would result from the application of the child support guidelines is the correct amount of child support." N.D.C.C. § 14–09–09.7(3). This presumption can be rebutted if application of the criteria in N.D. Admin. Code § 75–02–04.1–09 establishes by a preponderance of the evidence the guideline amount is not the correct amount. *Smith*, 538 N.W.2d at 225. "[A]lthough a parental stipulation for child

support is entitled to serious consideration, a trial court has continuing jurisdiction to modify support notwithstanding the stipulation." *Id.* at 226.

[¶ 10] The parties acknowledged their agreement does not establish child support in accordance with the guidelines. Neither party presented evidence the stipulation meets the criteria for rebutting the presumptive support amount under the guidelines. We remand for determination of the correct child support amount based on the guidelines.

C.

[¶ 11] Bruce Lee argues the stipulation is invalid under N.D.C.C. § 14–09–09.32, which states "[a]n agreement purporting to relieve an obligor of any current or future duty of child support is void and may not be enforced.... As used in this section, 'child support' does not include spousal support." Because we are already sending the case back to establish Susan Lee's child support obligation, we do not need to address the validity of the agreement under this section.

III.

[¶ 12] Spousal support will be modified upon a showing of a material change in circumstances. *Wheeler v. Wheeler*, 419 N.W.2d 923, 925 (N.D.1988). " 'Material change' means something which substantially affects the financial abilities or needs of a party." *Id.* The party seeking modification bears the burden of showing a material change, and the trial court's determination regarding a material change is reviewed under the clearly erroneous standard. *Meyer v. Meyer*, 2004 ND 89, ¶ 5, 679 N.W.2d 273. The trial court looks at whether the change was contemplated at the time of divorce when determining whether spousal support should be modified. *Id.* When a spousal support award

was stipulated by the parties the trial court should modify it "with great reluctance." *Id.* at ¶ 8.

[¶ 13] The trial court found, "[n]one of the specifically enumerated circumstances have changed in two years." Following a discussion of Susan Lee's current financial situation, the trial court stated, "there has been no significant change of circumstances to justify a modification of the spousal support payments that have been stipulated by the parties."

[¶ 14] This finding is not clearly erroneous under the facts considered by the trial court which did not include future child support. However, because the trial court determined child support and spousal support are interrelated under the terms of the stipulation, and because we are remanding for reconsideration of Susan Lee's child support obligation which may, under the interpretation of this judgment, constitute a change in circumstances for the interrelated spousal support, the trial court may also reconsider Bruce Lee's spousal support obligation.

## IV.

[¶ 15] "During any time in which an action for separation or divorce is pending, the court, upon application of a party, may issue an order ... for the payment of attorney's fees." N.D.C.C. § 14–05–23. This Court has held "N.D.C.C. § 14–05–23 provides the trial court with authority to award attorney fees to a party in modification proceedings." *Pearson v. Pearson*, 2000 ND 20, ¶ 24, 606 N.W.2d 128. A trial court's award of attorney fees will be reversed if the court abused its discretion. *Id.* at ¶ 25. "A trial court abuses its discretion when it acts in an arbitrary, unreasonable or unconscionable manner." *Foreng v. Foreng*, 509 N.W.2d 38, 41 (N.D.1993).

[¶ 16] One spouse's need and the other's ability to pay are the primary factors to look at when determining whether an award of attorney fees was proper. *Pearson*, 2000 ND 20, ¶ 25, 606 N.W.2d 128. "The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party has unreasonably increased the time spent on the case." *Id.*

[¶ 17] Bruce Lee argues the trial court abused its discretion in awarding Susan Lee $1,500 in attorney fees. The trial court found Bruce Lee had gross annual income of $66,000, and his financial situation at the time of trial, including debts, was the result of his personal spending decisions and not circumstances beyond his control. These findings indicate Bruce Lee has the ability to pay attorney fees.

[¶ 18] The trial court found Susan Lee had business debts of $65,000 with annual gross income of $26,000, and her financial situation was more precarious at the time of trial than it had been when the parties divorced two years earlier. Her business was struggling, she had assumed the burden of paying off the business debt, she worked for little or no pay, and she was no longer receiving spousal support. The trial court's findings indicate Susan Lee had a need for attorney fees.

[¶ 19] We affirm the award of attorney fees.

## V.

[¶ 20] We reverse and remand for a child support award consistent with the guidelines. Because child support and spousal support are interrelated, the district court may reconsider the spousal support award. We affirm the award of attorney fees to Susan Lee.

[¶ 21] CAROL RONNING KAPSNER and MARY MUEHLEN MARING, JJ., concur.

GERALD W. VANDE WALLE, C.J.

I concur in the result.

SANDSTROM, Justice, concurring and dissenting.

[¶ 22] I agree with the majority that any claimed waiver of the right to receive child support is contrary to public policy, and I would reverse and remand for the district court to set child support in accordance with the Child Support Guidelines. The majority's effort to open the door to reestablishing spousal support is contrary to our law. I therefore respectfully dissent from that portion of the majority opinion.

[¶ 23] The parties entered into a stipulation that was incorporated into the divorce judgment. The majority, at ¶ 2, summarizes the stipulation as follows:

The stipulation provided Bruce Lee would receive primary physical custody of the child and pay a reduced amount of spousal support to Susan Lee in exchange for her not having a child support obligation.

[¶ 24] Although the stipulation did provide that Bruce Lee would have primary physical custody of the child, the remainder of the majority's characterization, I respectfully suggest, is not a fair summary of the stipulation. The stipulation and judgment actually provide:

[Susan Lee] shall not pay child support at this time under NDAC § 75–02–04.1–09(2)(j), because of a reduced ability to pay support due to her taking over the parties' business pursuant to this divorce, refinancing said business and her income being speculative, and in consideration for a lesser spousal support award.

The December 2001 stipulation clearly and explicitly is limited to her not paying child support at that time. In addition, the stipulation took into consideration several other factors present at that time, but which are omitted from the majority's analysis.

[¶ 25] Further, the stipulation and judgment clearly and explicitly contemplate that child support would subsequently be established:

Child support shall continue until the child reaches the age of nineteen (19) or graduates from high school, whichever shall occur first.

[¶ 26] Susan Lee received the full spousal support provided under the stipulation and judgment. Spousal support came to an end. The stipulation and judgment do not provide for spousal support to be reestablished after it has ended, and the district court did not retain jurisdiction to reestablish it. There is no longer a basis for spousal support to be reestablished. *Bellefeuille v. Bellefeuille*, 2001 ND 192, ¶ 19, 636 N.W.2d 195 (should circumstances warrant, before rehabilitative spousal support ends, a party may apply for further spousal support or for reservation of jurisdiction over the issue).

[¶ 27] The child, entitled to support from both its parents, has not been receiving support from Susan Lee since the divorce. Noncustodial mothers, as well as noncustodial fathers, have a duty to support their children. It is not appropriate for any court to seek to nullify that obligation.

[¶ 28] Dale V. Sandstrom