2007 ND 147

**Bruce LEE, Plaintiff and Appellant,**

v.

**Susan LEE, Defendant and Appellee.**

**No. 20060321.**

Supreme Court of North Dakota.

Aug. 30, 2007.

Loren C. McCray, Bismarck, N.D., for plaintiff and appellant.

Brenda A. Neubauer, Neubauer & Oster, Bismarck, N.D. for defendant and appellee.

MARING, Justice.

[¶ 1] Bruce Lee appeals the trial court's amended judgment, a second amended judgment, corrected second amended judgment, and order on motions modifying his spousal support obligation. We affirm.

I

[¶ 2] Susan Lee and Bruce Lee separated in 2001 after twenty-one years of marriage. In January 2002, the parties signed a stipulation that was incorporated into a divorce judgment. The judgment granted Bruce Lee primary physical custody of the parties' minor child and ordered him to pay spousal support of $250 per month for twenty-four months from January 15, 2002. Under the judgment, Susan Lee was not required to pay child support "at this time" because of a reduced ability to pay child support due to her taking over the parties' business and in consideration of a lesser spousal support award. On January 29, 2003, Bruce Lee moved to establish child support, and on February 25, 2003, Susan Lee moved to increase the amount and duration of spousal support. The trial court denied both motions on July 14, 2003, finding the parties' agreement indicated child support would not be sought until after the final spousal support payment was made. The trial court also found child support and spousal support had become interrelated. On January 9, 2004, Bruce Lee again moved to establish child support, and on January 26, 2004, Susan Lee again moved for an increase in the amount and duration of spousal support. On May 25, 2004, the trial court, with a different judge sitting, again denied both motions, rejecting the "at this time" language. The trial court found the parties intended to waive child support as long as Susan Lee was responsible for the parties' business and business debt. Additionally, the trial court found there was not a significant change of circumstances to justify a modification of spousal support.

[¶ 3] In *Lee v. Lee*, 2005 ND 129, ¶ 1, 699 N.W.2d 842, Bruce Lee appealed the trial court's denial of his motion to establish child support, and Susan Lee cross-appealed the trial court's denial of her motion to increase the amount and duration of spousal support. This Court first addressed the modification of child support:

> The judge who entered the divorce judgment denied Bruce Lee's first motion to establish child support in July 2003, finding '[c]hild support and spousal support have become interrelated.' Likewise, a different judge, sitting on this motion, found the parties intended to intertwine the issues of spousal support and child support and rejected the words 'at this time' as they related to Susan Lee's child support obligation.

*Lee*, 2005 ND 129, ¶ 7, 699 N.W.2d 842. This Court concluded:

> The parties acknowledged their agreement does not establish child support in accordance with the guidelines. Neither party presented evidence the stipulation meets the criteria for rebutting the presumptive · support amount under the guidelines. We remand for determina-

tion of the correct child support amount based on the guidelines.

*Lee*, at ¶ 10. This Court next addressed the modification of spousal support, concluding the trial court's finding that there were no material changes in circumstances to justify modification of the spousal support obligation was not clearly erroneous. *Lee*, at ¶¶ 13–14.

> However, because the trial court determined child support and spousal support are interrelated under the terms of the stipulation, and because we are remanding for reconsideration of Susan Lee's child support obligation which may, under the interpretation of this judgment, constitute a change in circumstances for the interrelated spousal support, the trial court may also reconsider Bruce Lee's spousal support obligation. *Id.* at ¶ 14.

[¶ 4] On remand, the trial court entered an amended judgment modifying spousal support. The trial court subsequently entered a second amended judgment and corrected second amended judgment to correct the method for calculating the retroactive amount due for spousal support or spousal support arrearage, to correct the year the child support obligation ended, and to clarify spousal support arrearage payment arrangements. Bruce Lee moved to stay enforcement of judgment challenging, in part, the court's subject matter jurisdiction. The trial court entered an order on motions denying Bruce Lee's request.

[¶ 5] In its corrected second amended judgment, the trial court ordered Susan Lee to retroactively pay child support of $492 per month from January 1, 2002, through December 31, 2002, and $459 per month from January 1, 2003, through May 1, 2005. The trial court ordered Bruce Lee to retroactively pay spousal support of $700 per month from January 1, 2002, through July 1, 2006. Susan Lee's child

support obligation was subtracted from Bruce Lee's spousal support obligation. Additionally, $6,000 of spousal support Bruce Lee paid Susan Lee from January 1, 2002, through January 1, 2004, was subtracted from his obligation. This resulted in Bruce Lee owing Susan Lee $13,285.

[¶ 6] Bruce Lee appeals.

## II

[¶ 7] Bruce Lee argues the trial court did not have subject matter jurisdiction to order him to pay Susan Lee spousal support beyond his original obligation because his obligation ended before Susan Lee moved for an increase in the duration and amount of spousal support.

[¶ 8] "Issues involving subject matter jurisdiction cannot be waived and can be raised sua sponte at any time." *Trottier v. Bird*, 2001 ND 177, ¶ 5, 635 N.W.2d 157. Whether a trial court lacks subject matter jurisdiction to modify an original spousal support order is a question of law fully reviewable by this Court on appeal. *Quamme v. Bellino*, 2002 ND 159, ¶ 6, 652 N.W.2d 360. Bruce Lee raised subject matter jurisdiction for the first time in his brief to this Court. However, because subject matter jurisdiction can be raised at any time, it is an issue fully reviewable by this Court.

[¶ 9] Under the law of the case doctrine, if this Court has ruled on a legal question and remanded the case to the lower court, "the legal question thus determined becomes the law of the case and will not be differently determined on a subsequent appeal in the same case where the facts remain the same." *Riverwood Commercial Park v. Standard Oil, Co.*, 2007 ND 36, ¶ 12, 729 N.W.2d 101.

[¶ 10] In *Lee*, 2005 ND 129, ¶ 8, 699 N.W.2d 842, we noted "parental agreements that prohibit or limit the power of a

court to modify future child support are invalid." Therefore, we remanded for a correct determination of child support. *See id.* at ¶ 10. This Court then instructed the trial court that it could reconsider Bruce Lee's spousal support obligation when it reconsidered Susan Lee's child support obligation because the trial court had previously determined the two obligations to be interrelated. *Id.* at ¶ 14. This interrelationship was present because the parties, in their stipulation, offset spousal support from child support. *See id.* at ¶ 2. This Court determined the reconsideration of Susan Lee's child support obligation could constitute a change in circumstances for Bruce Lee's spousal support obligation. *Id.* at ¶ 14. Therefore, the interrelationship and joint reconsideration of spousal support and child support became the law of the case. On remand, the trial court followed this Court's directions when it reconsidered Bruce Lee's spousal support obligation together with Susan Lee's child support obligation. We conclude the trial court had subject matter jurisdiction to modify Bruce Lee's spousal support obligation based on our Court's decision in *Lee,* 2005 ND 129, 699 N.W.2d 842, and the law of the case doctrine.

### III

[¶ 11] Bruce Lee argues the trial court erred in modifying his spousal support obligation. The standard for modifying spousal support is well-established and was explained in *Lee,* 2005 ND 129, ¶ 12, 699 N.W.2d 842 (citations omitted):

Spousal support will be modified upon a showing of a material change in circumstances. Material change means something which substantially affects the financial abilities or needs of a party. The party seeking modification bears the burden of showing a material change, and the trial court's determination regarding a material change is re-

viewed under the clearly erroneous standard. The trial court looks at whether the change was contemplated at the time of divorce when determining whether spousal support should be modified. When a spousal support award was stipulated by the parties the trial court should modify it with great reluctance.

"A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or this Court, upon review of all the evidence, is left with a definite and firm conviction a mistake has been made." *Ebach v. Ebach,* 2005 ND 123, ¶ 10, 700 N.W.2d 684.

[¶ 12] In the original divorce judgment, Susan Lee was not required to pay child support. This Court, in *Lee,* 2005 ND 129, ¶ 10, 699 N.W.2d 842, remanded for a determination of the correct child support amount owed by Susan Lee. The trial court reconsidered Susan Lee's original child support obligation in its second amended judgment. The trial court determined Susan Lee owed $492 per month from January 2002 through December 2002, and $459 per month from January 2003 through May 2005.

[¶ 13] This Court, in *Lee,* 2005 ND 129, ¶ 14, 699 N.W.2d 842, then allowed the trial court to reconsider Bruce Lee's spousal support obligation because of the required reconsideration of Susan Lee's child support obligation. On remand, the trial court found the required calculation of Susan Lee's child support obligation was a material change in circumstances that required a redetermination of the amount and duration of Bruce Lee's spousal support obligation.

[¶ 14] We conclude the trial court was not clearly erroneous in finding that requiring Susan Lee to pay child support not contemplated at the time of the original divorce judgment was a material change in

circumstances. Bruce Lee argues that even if there was a material change in circumstances, the evidence does not warrant a modification requiring him to pay additional spousal support. However, Bruce Lee provides little argument and no citations to support this position.

■ [¶ 15] A spousal support award is to be based on consideration of the *Ruff–Fischer* guidelines. *Sack v. Sack*, 2006 ND 57, ¶ 11, 711 N.W.2d 157. The *Ruff–Fischer* guidelines evaluate the propriety and necessity of spousal support, weighing:

[T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Sack*, 2006 ND 57, ¶ 11, 711 N.W.2d 157; *see Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966).

■ [¶ 16] In determining the amount and duration of Bruce Lee's spousal support obligation, the trial court considered the *Ruff–Fischer* guidelines and found:

This twenty one year marriage had been of considerable duration, there is not a great age disparity between the parties and at the time of the divorce, both parties were relatively healthy. During the marriage, the parties had raised children, acquired considerable property and investments, and had incurred some debt. The parties had jointly purchased a diner, which was primarily run by Susan. The diner did not turn much of a profit during the marriage, nor has it been very profitable since the divorce.

The parties lived comfortably during the marriage, based upon Mr. Lee's substantial and consistent income from Ottertail Power and from rental of real estate.

As a result of the divorce, Susan became the sole owner and operator of the diner and assumed a substantial amount of business debt. Income from the diner became the sole source of her income. . . .

Bruce had income in 2002 of $82,017; in 2003 of $68,500. Sometime in 2004, Bruce suffered an injury and if he is not able to return to work, he believes that his income may be reduced to perhaps 2/3 of his 2003 income. Since the divorce, Bruce has remarried and has chosen to incur substantial short term debt.

. . . .

Using Susan's tax returns for the year 2002, Susan had total income less alimony in the amount of $41,282. Susan's 2002 income, as shown on her tax returns, includes $9,700.00 from the distribution of the pension plan as a result of the divorce settlement, which was not ordinary or business income and would not have been considered by the parties in arriving at the appropriate level of child support at the time of the divorce in January of 2002. So, for the purpose of calculating the appropriate spousal support and child support which should have been imposed at the time of the divorce, the Court will not include the $9,700 pension distribution in the calculations done after the fact. Susan's income in 2003 was $26,942; and in 2004 was $27,012.

. . . .

In 2002, after the parties intertwined the child support and spousal support calculations, they arrived at a net payment from Bruce to Susan in the

amount of $250.00 per month. Using the child support calculator available online through the Department of Human Services, the court calculates that, if alimony had been set at $700 per month in 2002, Susan's child support would have been $492.00 per month, with a net difference of alimony from Bruce to Susan in the amount of $208.00 per month.

Since a net difference of $208.00 in Susan's favor closely aligns with the parties' own agreement, the Court will use the $700 per month alimony as the benchmark. Furthermore, applying the Ruff–Fischer guidelines, the amount of $700.00 per month appears to be a very reasonable amount of alimony at the time of the divorce. The Court finds that five years is a reasonable duration for the award of rehabilitative spousal support.

The trial court, in its corrected second amended judgment, found Bruce Lee owed spousal support in the amount of $700 per month from January 2002 through July 2006, less the $250 per month he had paid for twenty-four months. The trial court appropriately conducted an analysis of the *Ruff–Fischer* guidelines. A review of the record shows that there is evidence to support the trial court's findings. Employing the *Ruff–Fischer* guidelines, the trial court concluded Susan Lee was entitled to five years of rehabilitative spousal support. Under *Ruff–Fischer*, the trial court did not err by concluding Susan Lee was entitled to rehabilitative spousal support.

IV

[¶ 17] Susan Lee requests an award of attorney's fees and costs on appeal without any basis or support. In *Amsbaugh v. Amsbaugh*, 2004 ND 11, ¶ 44, 673 N.W.2d 601 (citations omitted), we established the guidelines for awarding attorney's fees:

This Court has concurrent jurisdiction with the district court to award attorney fees on appeal. The key factors in determining the propriety of an attorney fee award in a divorce action are one party's needs and the other's ability to pay. The trial court is in the better position to consider the special factors relevant to an award of attorney's fees under [N.D.C.C. § 14–05–23] relating to the financial status of the parties and the need for and ability to pay attorney's fees. These factors are best developed in the fact-finding arena of a trial court.

This Court may award attorney's fees and costs if it determines an appeal is frivolous. N.D.R.App.P. 38. A review of the record and arguments presented shows Susan Lee has not shown a need for attorney's fees, nor has she shown the appeal was frivolous. *See Amsbaugh*, 2004 ND 11, ¶ 45, 673 N.W.2d 601. Susan Lee's request for attorney's fees is denied. The costs on appeal are awarded under Rule 39, N.D.R.App.P.

V

[¶ 18] We affirm.

[¶ 19] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, J., concur.

CROTHERS, Justice, concurring specially.

[¶ 20] I join the majority opinion because this case is being decided according to the law of the case established in the first appeal. *See* Majority opinion at ¶ 9; *Lee v. Lee*, 2005 ND 129, ¶ 14, 699 N.W.2d 842. However, I was not a member of the Court when *Lee* was decided. Had I been, I would have agreed with Justice Sandstrom's dissent.

[¶ 21] DANIEL J. CROTHERS, J.

SANDSTROM, Justice, dissenting.

[¶ 22]  For reasons largely set out in my separate opinion in *Lee v. Lee*, 2005 ND 129, ¶¶ 22–27, 699 N.W.2d 842 (Sandstrom, J., concurring and dissenting), I respectfully dissent.

[¶ 23]  DALE V. SANDSTROM, J.