Filed 2/3/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 10

Brenda J. Doepke, Plaintiff and Appellant

v.

Wesley L. Doepke, Defendant and Appellee

No. 20080142

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Deborah J. Carpenter, Carpenter Law Offices, 2039 Kavaney Drive, Bismarck, N.D. 58501, for plaintiff and appellant.

Rodney E. Pagel, Pagel Weikum Law Firm, 1715 Burnt Boat Drive, Madison Suite, Bismarck, N.D. 58503, for defendant and appellee.

Doepke v. Doepke

No. 20080142

Maring, Justice.

[¶1] Brenda Doepke appeals from an amended judgment modifying Wesley Doepke’s child support obligation.  We affirm, concluding the district court’s findings are not clearly erroneous and the court properly calculated Wesley Doepke’s child support obligation. 

I

[¶2] Wesley and Brenda Doepke were married in 1995 and divorced in 2004.  At the time of the divorce, the district court adopted the parties’ stipulation and property settlement agreement.  The parties agreed Brenda Doepke would have primary legal and physical custody of the parties’ minor child.  Wesley Doepke is a self-employed farmer, and the parties agreed he would pay $1,699 per month in child support based on a net income of greater than $10,000 per month.  

[¶3] In June 2007, Wesley Doepke moved to modify custody, visitation, and his child support obligation.  The custody motion was denied, and the parties agreed to modify visitation resolving all issues except Wesley Doepke’s motion to modify his child support obligation.  During an April 2008 hearing on the motion to modify child support, the court heard testimony about Wesley Doepke’s income and evidence was presented, including Wesley Doepke’s tax returns for 2003 through 2007, profit and loss statements for his farming business for 2003 through 2005, and FINPACK statements from March 2007 and 2008 prepared by Wesley Doepke’s bank showing his assets and debts.  Both parties submitted written closing arguments and proposed child support calculations.  Brenda Doepke also requested the court award her attorney’s fees. 

[¶4] The district court granted Wesley Doepke’s motion to modify his child support obligation finding:

Each party submitted proposed calculations. [Brenda Doepke’s] calculations (Exhibit 7) include [Wesley Doepke’s] 2005 income.  However, [Wesley Doepke] is self-employed as a farmer and occasional truck driver, therefore the Court is to average his income from the most recent five years.  N.D.A.C. § 75-02-04.1-05.  At the hearing [Wesley Doepke] provided his 2003 through 2007 tax returns.  Based on that recent and complete information, the Court finds that the calculations found at Exhibit A of [Wesley Doepke’s] Post Trial Brief are in accordance with the Child Support Guidelines and hereby ORDERS that [Wesley Doepke’s] child support obligation is $846 per month.  

The district court did not address Brenda Doepke’s request for attorney’s fees.  An amended judgment was subsequently entered.

II

[¶5] Brenda Doepke argues the district court erred in calculating Wesley Doepke’s child support obligation.  She contends Wesley Doepke’s tax returns are not a reliable source to determine his income, and the court should have considered other evidence and imputed his income or used another method to determine his income and calculate his support obligation.  

[¶6] In reviewing child support modifications, this Court has said, “[c]hild support determinations involve questions of law which are subject to a de novo standard of review, findings of fact which are subject to a clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to an abuse-of-

discretion standard of review.”  
Berge v. Berge
, 2006 ND 46, ¶ 7, 710 N.W.2d 417.  A court errs as a matter of law if it does not comply with the requirements of the child support guidelines.  
Torgerson v. Torgerson
, 2003 ND 150, ¶ 6, 669 N.W.2d 98.

[¶7] Under the child support guidelines, a self-employed individual’s child support obligation is generally calculated using an average of the individual’s self-employment income from the most recent five years.  N.D. Admin. Code § 75-02-

04.1-05(4).  The obligor’s total income for internal revenue service purposes is used to calculate net income for the child support obligation.  N.D. Admin. Code § 75-02-

04.1-05(1).  Although, tax returns generally are used to determine an obligor’s total income, “[i]f the tax returns are not available or do not reasonably reflect the income from self-employment, profit and loss statements which more accurately reflect the current status must be used.”  N.D. Admin. Code § 75-02-04.1-05(3).  

[¶8] The district court found Wesley Doepke is a self-employed farmer and concluded his income must be averaged under N.D. Admin. Code § 75-02-04.1-05(4) to determine his support obligation.  The court used Wesley Doepke’s tax returns for 2003 through 2007 to average his income for the support calculations.  Based on the information from Wesley Doepke’s income tax returns, his total income was $153,287 in 2003, $112,150 in 2004, $102,160 in 2005, $39,557 in 2006, and $57,503 in 2007.  The court found Wesley Doepke’s average income for 2003 through 2007 was $92,932, and the court used this amount to determine his child support obligation should be $846 per month.  The court complied with the requirements of the child support guidelines to calculate Wesley Doepke’s child support obligation.

[¶9] Brenda Doepke argues the district court erred in relying on Wesley Doepke’s tax returns to determine his total income because she claims his tax returns were not a reliable measure of his income and other evidence should have been considered, such as profit and loss statements and FINPACK statements, as N.D. Admin. Code § 75-02-04.1-05(3) requires.  Brenda Doepke made these same arguments during the district court proceedings, but the district court found Wesley Doepke is self-

employed, it was proper to average his income from the most recent five years, Wesley Doepke provided his tax returns for the most recent five years, and those tax returns were complete.  The district court implicitly found Wesley Doepke’s tax returns were reliable, and the evidence supports the district court’s findings.  

[¶10] Brenda Doepke contends Wesley Doepke has manipulated his income and improperly deducted some expenses on his tax returns, including deducting losses from his car racing hobby, her educational expenses, and other personal expenses like cigarettes and food.  The evidence does not support her claim.  Brenda Doepke’s argument is based on items listed as expenses in the profit and loss statements for Wesley Doepke’s business.  However, Wesley Doepke testified that all expenses were listed on the profit and loss statements, including non-deductible expenses, and there was no evidence that these expenses were taken as deductions on his tax returns.

[¶11] Brenda Doepke claims Wesley Doepke’s 2007 tax return was not accurate because he failed to include some of his income, including income from charitable donations he received after he was injured in an accident.  However, Wesley Doepke testified he gave the information about the charitable income to his accountant who prepared his tax returns and he assumed the income was included in the tax return.  There was no evidence Wesley Doepke failed to include income on his tax returns.

[¶12] Brenda Doepke argues the 2006 tax returns are not reliable because they show a large decrease in his income from prior years while the FINPACK statements show his farm income and assets have increased.  While Wesley Doepke’s income changed greatly during the past five years, the guidelines recognize self-employed individuals may experience significant fluctuations in income over time, and therefore the income should be averaged over a five-year period.  
See
 N.D. Admin. Code § 75-02-04.1-

05(4); 
Kobs v. Jacobson
, 2005 ND 222, ¶ 9, 707 N.W.2d 803.  There was no evidence explaining why Wesley Doepke’s income fluctuated during the last five years.  Although the FINPACK statements showed Wesley Doepke’s assets have increased during this time period, Wesley Doepke testified that the FINPACK statement was a snapshot of his financial status on a particular day and can change greatly depending on various factors, including grain prices.  The district court found Wesley Doepke’s tax returns were a reliable measure of his income and the evidence supports the court’s finding.

[¶13] Brenda Doepke claims Wesley Doepke’s child support obligation should be increased under N.D. Admin. Code § 75-02-04.1-09(2)(h) because he has engaged in asset transactions to reduce his support obligation and has manipulated his income by holding a large amount of grain.  She relies on one of the FINPACK statements showing Wesley Doepke had stored grain assets of more than $338,000 to support her claim. Wesley Doepke testified he carries over the same amount of crops every year, he tries to sell the stored crops when he can get the most money for them, and any income from those sales is included in his tax returns.  There was no evidence Wesley Doepke was manipulating his income for purposes of reducing his child support obligation. 

[¶14] Brenda Doepke argues the district court was not limited to using the income averaging method for self-employed individuals under N.D. Admin. Code § 75-02-

04.1-05 because other provisions in the guidelines also apply.  She claims Wesley Doepke’s income must be imputed under N.D. Admin. Code § 75-02-04.1-07(8) because he did not provide reliable information about his income, including profit and loss statements for 2006 and 2007.  However, Wesley Doepke testified he did not create profit and loss statements for those years, and he provided his tax returns which the court found were reliable.  Wesley Doepke provided reliable information to determine his income, and N.D. Admin. Code § 75-02-04.1-07(8) does not apply.

[¶15] Brenda Doepke contends Wesley Doepke’s income should have been imputed under N.D. Admin. Code § 75-02-04.1-07(9)
(footnote: 1), which provides:

if an obligor makes a voluntary change in employment resulting in reduction of income, monthly gross income equal to one hundred percent of the obligor’s greatest average monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided, less actual monthly gross earnings, may be imputed without a showing that the obligor is unemployed or underemployed.

Brenda Doepke argues this provision applies because Wesley Doepke made voluntary changes in his employment income.  However, N.D. Admin. Code § 75-02-04.1-

07(9) only applies when the obligor has made a voluntary change in employment.  There was no evidence that Wesley Doepke has made a voluntary change in employment, and we conclude this provision does not apply.

[¶16] Brenda Doepke also argues that even if the court properly applied the income averaging method, the court erred in averaging Wesley Doepke’s income from 2003 through 2007.  She contends his 2007 income should not have been considered because his 2007 income tax return was not complete when his motion to modify child support was filed in June 2007, although his tax return was complete at the time of the hearing in April 2008.  The child support guidelines do not state and this Court has not said income tax returns prepared after a motion to modify child support cannot be used to determine a child support obligation.  The child support guidelines require the court generally use the average of the most recent five years of self-

employment to determine income when calculating the child support obligation for a self-employed individual.  N.D. Admin. Code § 75-02-04.1-05(4).  The district court used information from the most recent five years to determine Wesley Doepke’s income.  Moreover, although Brenda Doepke raised this argument before the district court, she failed to present evidence of Wesley Doepke’s 2002 income to allow the court to use that information instead to determine his child support obligation. 

[¶17] We conclude the evidence supports the district court’s findings, the findings are not clearly erroneous, and the court did not misapply the law.  The court did not err in modifying Wesley Doepke’s child support obligation.  

III

[¶18] Brenda Doepke argues the district court abused its discretion by failing to award her attorney’s fees because of her financial need, Wesley Doepke’s ability to pay her attorney’s fees, and the frivolous nature of some of Wesley Doepke’s motions.

[¶19] Rule 28(b), N.D.R.App.P., governs the format and content of an appellant’s brief, and requires an appellant to include a statement of the issues presented for review.  This Court has said that at a minimum a brief must contain a statement of the issues, a statement of the facts, and the appellant’s legal argument.  
State v. Noack
, 2007 ND 82, ¶ 9, 732 N.W.2d 389.  If a brief does not comply with the requirements of N.D.R.App.P. 28(b), this Court may dismiss the appeal.  N.D.R.App.P. 3(a)(2); 
J.P. v. Stark County Soc. Servs. Bd.
, 2007 ND 140, ¶ 7, 737 N.W.2d 627.

[¶20] While Brenda Doepke’s brief did include a statement of the issues presented for review, her request for attorney’s fees was not included as one of the issues.  In other cases, parties have been cautioned that an issue may not be addressed if it is not included in the statement of the issues.  
See
 
J.P.
, 2007 ND 140, ¶¶ 7-8, 737 N.W.2d 627; 
Monson v. Monson
, 1998 ND App 9, ¶ 2 n.2, 583 N.W.2d 825.  The attorney’s fees issue was not properly identified as an issue on appeal, Wesley Doepke did not address the issue in his appellee’s brief, and it is unfair to Wesley Doepke to address the issue.  Because Brenda Doepke did not include the attorney’s fees issue in her statement of the issues we decline to further address the issue. 

[¶21] Wesley Doepke also requests an award of attorney’s fees and costs on appeal.  This Court has concurrent jurisdiction with the district court to award attorney’s fees on appeal.  
Lee v. Lee
, 2007 ND 147, ¶ 17, 738 N.W.2d 479.  In divorce actions, attorney’s fees may be awarded based on the parties’ financial status and the need for and ability to pay attorney’s fees under N.D.C.C. § 14-05-23, or when an appeal is frivolous under N.D.R.App. 38.  
Lee
, at ¶ 17.  Wesley Doepke does not provide any basis or support for his request, and he has not shown a need for attorney’s fees or that the appeal was frivolous.  
See
 
id.
  Wesley Doepke’s request for attorney’s fees and costs is denied.

IV

[¶22] We conclude the district court’s findings modifying Wesley Doepke’s child support obligation are not clearly erroneous and the court did not misapply the law.  We affirm the amended judgment modifying Wesley Doepke’s child support obligation.  

[¶23] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
N.D. Admin. Code § 75-02-04.1-07(9) is now N.D. Admin. Code § 75-02-04.1-

07(10) effective October 1, 2008.