Filed 10/22/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 200

Cheryl Renville, Plaintiff, Appellee and Cross-Appellant

v.

Carl Renville, Defendant, Appellant and Cross-Appellee

No. 20090343

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

AFFIRMED.

Per Curiam.

Kevin J. Chapman, P.O. Box 1920, Williston, N.D. 58802-1920, for plaintiff, appellee and cross-appellant.

H. Malcolm Pippin, P.O. Box 1525, Williston, N.D. 58802-1525, for defendant, appellant and cross-appellee.

Renville v. Renville

No. 20090343

Per Curiam.

[¶1] Carl Renville appeals, and Cheryl Renville cross-appeals, from the trial court’s judgment granting the parties a divorce and dividing the marital property.  On appeal, Carl Renville argues the trial court erred in its valuation of the parties’ business.  A trial court’s property valuation is presumed correct and will not be reversed on appeal unless it is clearly erroneous.  
Evenson v. Evenson
, 2007 ND 194, ¶ 6, 742 N.W.2d 829.  “‘Marital property valuations within the range of evidence presented to the trial court are not clearly erroneous.’”  
Id.
 (quoting 
Olson v. Olson
, 2002 ND 30, ¶ 7, 639 N.W.2d 701).  Because the trial court’s valuation of the parties’ business was within the range of evidence presented at trial, we affirm under N.D.R.App.P. 35.1(a)(2) and (7).

[¶2] Both parties request an award of attorney’s fees and costs on appeal.  However, neither party provides any basis or support for such an award.  The parties’ requests for attorney’s fees and costs are, therefore, denied.  
See
 
Doepke v. Doepke
, 2009 ND 10, ¶ 21, 760 N.W.2d 131 (denying a request for attorney’s fees when the party failed to provide any support for the request).

[¶3] Gerald W. VandeWalle, C.J.

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

John C. Irby, D.J.

[¶4] The Honorable John C. Irby, D.J., sitting in place of Crothers, J., disqualified.