Filed 2/27/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 44

Marty R. Haroldson, Plaintiff, Appellant

 and Cross-Appellee

v.

Heidi S. Haroldson, n/k/a 

Heidi S. Klein, Defendant, Appellee

 and Cross-Appellant

No. 20110149

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Maring, Justice.

Daniel Harry Oster, P.O. Box 1015, Bismarck, N.D. 58502-1015, for plaintiff, appellant and cross-appellee.

Monte Lane Rogneby, P.O. Box 2097, Bismarck, N.D. 58502-2097, for defendant, appellee and cross-appellant.

Haroldson v. Haroldson

No. 20110149

Maring, Justice.

[¶1] Marty Haroldson appeals and Heidi Haroldson, now known as Heidi Klein, cross-appeals from an amended judgment modifying their stipulated divorce judgment.  The district court denied the parties’ cross-motions to modify primary residential responsibility of their children, but ruled the parties’ stipulated judgment for joint equal residential responsibility violated public policy and was void, because that provision was entered to allow the parties to avoid child support obligations.  The court vacated the provision for equal residential responsibility and decided it was in the children’s best interests for Klein to have primary residential responsibility.  We conclude the parties’ cross-motions for modification of residential responsibility authorized the district court to decide primary residential responsibility, but the court’s findings on the best interests of the children are inadequate to understand the rationale for the court’s decision.  We affirm in part, reverse in part, and remand for findings on the best interests of the children.

I

[¶2] In June 2008, Haroldson and Klein stipulated to a divorce judgment granting them joint residential responsibility for their three minor children, which required  the children to spend an equal amount of time with each parent.  The stipulated judgment said the parties may agree between themselves to vary the schedules to accomplish their overall goal of sharing child rearing responsibilities.  The judgment also ordered Klein to pay Haroldson $204 per month in child support under the offset provisions for equal physical custody in N.D. Admin. Code § 75-02-04.1-08.2.

[¶3] In May 2010, less than two years after entry of the stipulated judgment, Klein moved to amend the judgment under N.D.C.C. § 14-09-06.6(3)(c), which permits motions to modify primary residential responsibility within two years of a prior order if the court finds primary residential responsibility for the child has changed to the other parent for longer than six months.  Klein claimed the parenting plan for equal custody of the children was never followed, and she had always had the children a majority of the time.  In July 2010, the district court decided Klein had established a prima facie case for modification of primary residential responsibility.  In September 2010, more than two years after entry of the stipulated judgment, Haroldson moved to modify primary residential responsibility of the children under N.D.C.C. § 14-09-06.6(6), which permits motions to modify primary residential responsibility after the two year period if the court finds a material change in circumstances and modification is necessary to serve the best interests of the children.

[¶4] After an evidentiary hearing on the parties’ cross-motions, the district court denied Klein’s motion for primary residential responsibility of the children, concluding she failed to establish primary residential responsibility for the children had changed to her for longer than six months under N.D.C.C. § 14-09-06.6(3)(c).  The court also decided Haroldson had shown a material change in circumstances under N.D.C.C. § 14-09-06.6(6), because all three children were now in school, while only one child was in school when the parties divorced, and Klein was now engaged and living with her fiancé.  However, the court found Haroldson had not shown that awarding him primary residential responsibility would be in the children’s best interests.

[¶5] The district court nevertheless concluded the provision of the stipulated judgment granting the parents joint residential responsibility and requiring the children to spend equal time with each parent was contrary to public policy and was void, because the court decided the parents agreed to that provision to allow them to avoid child support obligations.  After concluding the equal custody provision was void, the court vacated that provision and ruled it was in the children’s best interests for Klein to have primary residential responsibility.  The court ordered Haroldson to pay Klein $1,097 per month in child support and thereafter denied Haroldson’s request for a stay pending appeal.

II

[¶6] Haroldson claims the unambiguous stipulated judgment precludes modification of primary residential responsibility.  Under our law, parents may move to modify primary residential responsibility within the framework of N.D.C.C. § 14-09-06.6.  This Court has recognized that any stipulated judgment precluding modification of primary responsibility violates public policy.  
Zeller v. Zeller
, 2002 ND 35, ¶¶ 17-18, 640 N.W.2d 53.  To the extent Haroldson claims the stipulated judgment precludes any modification of primary residential responsibility, we reject his claim.

[¶7] Haroldson argues the district court erred in deciding the equal custody language in the stipulated judgment violated public policy because the parties underlying agreement purported to allow them to avoid child support.  He claims the court erred in considering parol evidence and settlement discussions to unilaterally modify the stipulated judgment.

[¶8] “An agreement purporting to relieve an obligor of any current or future duty of child support is void and may not be enforced.”  N.D.C.C. § 14-09-09.32.  We have recognized that the language used in a divorce judgment regarding the allocation of primary residential responsibility, not the parties’ actual practice, controls whether the parties have equal physical custody exactly fifty percent of the time under the offset provisions of the child support guidelines in N.D. Admin. Code § 75-02-04.1-

08.2.  
Thornton v. Klose
, 2010 ND 141, ¶ 23, 785 N.W.2d 891; 
Serr v. Serr
, 2008 ND 229, ¶¶ 12-13, 758 N.W.2d 739; 
Serr v. Serr
, 2008 ND 56, ¶ 22, 746 N.W.2d 416; 
Boumont v. Boumont
, 2005 ND 20, ¶ 9, 691 N.W.2d 278.  We said “‘the purpose behind N.D. Admin. Code § 75-02-04.1-08.2 . . . was to “address situations in which people were using equal physical custody to avoid the payment of child support.”’”  
Thornton
, at ¶ 22 (quoting 
Boumont
, at ¶ 13).  We adopted a bright-line approach as a matter of public policy to preclude divorcing parents from using legal fictions to bargain away child support and circumvent a child’s right to the appropriate amount of support under the guidelines.  
Thornton
, at ¶ 22.  We explained the public policy underpinnings were based on the principle that the right to support belongs to the child and the custodial parent has only a representative right to collect support on behalf of the child.  
Id.
  As a matter of public policy, we take a dim view of agreements purporting to allow parties to avoid or limit their child support obligations.  
Lee v. Lee
, 2005 ND 129, ¶ 8, 699 N.W.2d 842.

[¶9] Here, however, we do not decide this case on the public policy rationale employed by the district court, because we conclude the parties’ cross-motions for modification of their joint and equal residential responsibility under N.D.C.C. § 14-

09-06.6 and the circumstances of this case authorized the district court to fully resolve primary residential responsibility.

[¶10] Section 14-09-06.6, N.D.C.C., describes limitations on postjudgment modifications of primary residential responsibility and provides, in part:

1. Unless agreed to in writing by the parties, or if included in the parenting plan, no motion for an order to modify primary residential responsibility may be made earlier than two years after the date of entry of an order establishing primary residential responsibility, except in accordance with subsection  3.

2. Unless agreed to in writing by the parties, or if included in the parenting plan, if a motion for modification has been disposed of upon its merits, no subsequent motion may be filed within two years of disposition of the prior motion, except in accordance with subsection 5.

3. The time limitation in subsections 1 and 2 does not apply if the court finds:

. . . .

c. The primary residential responsibility for the child has changed to the other parent for longer than six months.

4. A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits.  The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification.  The court shall set a date for an evidentiary hearing only if a prima facie case is established.

5. The court may not modify the primary residential responsibility within the two-year period following the date of entry of an order establishing primary residential responsibility unless the court finds the modification is necessary to serve the best interest of the child and:

. . . .

c. The residential responsibility for the child has changed to the other parent for longer than six months.

6. The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of the child.

[¶11] Here, less than two years after entry of the stipulated judgment, Klein moved to modify primary residential responsibility of the children under N.D.C.C. § 14-09-

06.6(3)(c).  More than two years after entry of the stipulated judgment, Haroldson moved to modify primary residential responsibility under N.D.C.C. § 14-09-06.6(6).  After an evidentiary hearing on the parties’ cross-motions, the district court found Klein had not shown primary residential responsibility of the children had changed to her for longer than six months under N.D.C.C. § 14-09-06.6(3)(c).  In addressing Haroldson’s motion, the court found a material change in circumstances, but he had not established that awarding him primary residential responsibility would be in the children’s best interest.  After deciding the equal custody provision violated public policy and was void, the court vacated that provision and decided it was in the children’s best interest for Klein to have primary residential responsibility of the children.

[¶12] The parties’ cross-motions sought to modify the stipulated judgment on different grounds under N.D.C.C. § 14-09-06.6.  At the evidentiary hearing, Haroldson conditionally asked to withdraw his motion if the district court denied Klein’s motion.  However, on this record, we are not persuaded Haroldson’s conditional request to withdraw his motion precluded the district court from fully resolving the issue of primary residential responsibility.  
See
 
Hendrickson v. Hendrickson
, 2000 ND 1, ¶ 14, 603 N.W.2d 896 (stating father’s withdrawal of motion for change of custody did not divest trial court of jurisdiction to consider custody issue on remand).  In other contexts, this Court has effectively recognized a district court need not decide pending cross-motions regarding custodial and visitation issues in a vacuum.  
See
 
Schleicher v. Schleicher
, 551 N.W.2d 766, 771 (N.D. 1996) (stating cross-motion to amend visitation, which requested mother to share in transportation costs and travel time, was sufficient to apprise mother that court might order specific visitation schedule); 
Wright v. Wright
, 431 N.W.2d 301, 305 (N.D. 1988) (VandeWalle, Justice, concurring specially and stating trial court need not decide pending cross-motions for change of residence and change of custody in a vacuum); 
Vande Hoven v. Vande Hoven
, 399 N.W.2d 855, 859-60 (N.D. 1987) (concluding father’s motion for change of custody was sufficient to apprise mother of possible modification of visitation rights and assessment of transportation costs to facilitate visitation).

[¶13] Under our law, the interrelated issues about primary residential responsibility, parenting time, and child support are deeply invested with significant public policy concerns regarding the children’s interests.  
See, e.g.
, 
Thornton
, 2010 ND 141, ¶ 23, 785 N.W.2d 891.  Here, the parties’ cross-motions for modification of the equal  residential responsibility language, brought within different time frames and under different statutory criteria in N.D.C.C. § 14-09-06.6, both raised issues about primary residential responsibility, parenting time, changes in circumstances, and the best interests of the children.  In Klein’s post-hearing argument, she argued she had residential responsibility for the children for longer than six months, and she also claimed that she had established a significant change in circumstances after the stipulated judgment and that the best interests of the children would be served by changing primary residential responsibility of the children to her.  The district court decided there was a change in circumstances, in part, because the implementation of the equal custody provision was having an adverse effect on two of the children and was not working.  The court also said it would not be in the best interests of the children to award Haroldson primary residential responsibility.  In the face of those conclusions, the court was not required to resort to a default position of maintaining the status quo.  In the context of the parties’ cross-motions, they were apprised of the pending issues and the district court need not operate in a vacuum to fully resolve those issues.  
See
 N.D.C.C. § 27-05-06(3) (district court has full and complete jurisdiction of causes and parties for full and complete administration of justice).

[¶14] Under these circumstances, we conclude the district court was authorized to evaluate the best interests of the children in the context of the parties’ cross-motions to modify equal residential responsibility. We therefore review the amended judgment within the context of the parties’ cross-motions to modify equal residential responsibility, the court’s finding of a material change in circumstances, and the court’s decision that Haroldson had not shown that awarding him primary residential responsibility would be in the children’s best interests and it was in the best interests of the children for Klein to have primary residential responsibility.

[¶15] “A district court’s decision whether to change custody is a finding of fact subject to the clearly erroneous standard of review.”  
Stanhope v. Phillips-Stanhope
, 2008 ND 61, ¶ 7, 747 N.W.2d 79.  “A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made.”  
Id.
  We do not reweigh conflicts in the evidence, and a court’s choice between two conflicting views of the evidence is not clearly erroneous.  
Id.
 at ¶ 10.  However, a district court trying an action upon the facts without a jury “must find the facts specially” under N.D.R.Civ.P. 52(a)(1).  Moreover, a district court is required to make findings of fact and conclusions of law that are sufficient to enable this Court  to understand the factual determinations made by the court and the basis for its conclusions of law.  
Rothberg v. Rothberg
, 2006 ND 65, ¶ 14, 711 N.W.2d 219.  The district court’s “findings of fact . . . should be stated with sufficient specificity to assist the appellate court’s review and to afford a clear understanding” of the district court’s decision.  
Id.

[¶16] In her cross-appeal, Klein argues the district court erred in denying her motion to modify primary residential responsibility under N.D.C.C. § 14-09-06.6(3)(c), because she claims primary residential responsibility for the children had changed to her for longer than six months.  Under N.D.C.C. § 14-09-00.1(6) and (7) “‘residential responsibility’ means a parent’s responsibility to provide a home for the child,” and “‘primary residential responsibility’ means a parent with more than fifty percent of the residential responsibility.”  There is evidence in this record the parties had followed the stipulated judgment since September 2010.  Moreover, the stipulated judgment explicitly gave the parties some flexibility to vary schedules to accomplish their overall goal of sharing child rearing responsibilities.  The district court found Klein had not established primary residential responsibility for the children had changed to her for longer than six months under N.D.C.C. § 14-09-06.6(3)(c).  Regardless of the units of time for measuring primary residential responsibility, we conclude there is some evidence in this record to support the district court’s decision, and we do not reweigh that evidence.  We are not left with a definite and firm conviction the court made a mistake in finding primary residential responsibility for the children had not changed to Klein for longer than six months.  We therefore conclude that finding is not clearly erroneous.

[¶17] We next consider issues involved with Haroldson’s cross-motion to modify primary residential responsibility under N.D.C.C. § 14-09-06.6(6).  To modify an original custodial decision, the district court must make a two-step analysis under N.D.C.C. § 14-09-06.6(6).  The court may modify a prior custody order if it finds a material change in circumstances after the original custody determination and decides custody modification is necessary to serve the best interests of the child.  
Id.
  Not every change in circumstances is sufficiently significant to rise to the level required under N.D.C.C. § 14-09-06.6.  
Seibel v. Seibel
, 2004 ND 41, ¶ 5, 675 N.W.2d 182.  We have defined a material change in circumstances as “important new facts that were unknown at the time of the initial custody decree.”  
In re Thompson
, 2003 ND 61, ¶ 7, 659 N.W.2d 864.  “A material change of circumstances can occur if a child’s present environment may endanger the child’s physical or emotional health or impair the child’s emotional development.”  
Selzler v. Selzler
, 2001 ND 138, ¶ 21, 631 N.W.2d 564.

[¶18] Here, the district court found the parties’ joint parenting time schedule, which required the children to alternate between the parties’ residences on a daily basis, was not working, because one child needed more stability in her schedule for medical issues and another child had displayed behavioral issues and temper tantrums after the parties began following the provisions for alternating residential responsibility on a daily basis.  Those findings coupled with the court’s other findings that all three of the children are now in school and that Klein is engaged and living with her fiancé are supported by evidence in the record.  The parties have not directly challenged the court’s findings about a material change in circumstances.  Under these circumstances,  we conclude the court’s findings are not clearly erroneous and support a material change in circumstances.

[¶19] Under N.D.C.C. § 14-09-06.2(1), the best interests factors to be applied in deciding primary residential responsibility are:

a. The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.

b. The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.

c. The child’s developmental needs and the ability of each parent to meet those needs, both in the present and in the future.

d. The sufficiency and stability of each parent’s home environment, the impact of extended family, the length of time the child has lived in each parent’s home, and the desirability of maintaining continuity in the child’s home and community.

e. The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.

f. The moral fitness of the parents, as that fitness impacts the child.

g. The mental and physical health of the parents, as that health impacts the child.

h. The home, school, and community records of the child and the potential effect of any change.

i. If the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court may give substantial weight to the preference of the mature child.  The court also shall give due consideration to other factors that may have affected the child’s preference, including whether the child’s preference was based on undesirable or improper influences.

j. Evidence of domestic violence. . . .

k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child’s best interests.  The court shall consider that person’s history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50-25.1-02.

m. Any other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute.

[¶20] The district court’s decision cited the best interest factors and recited and summarized some of the parties’ testimony relative to those factors without making any specific findings about how those factors applied to this case.  We have said “[a] trial court’s recitation or summary of testimony presented at trial does not satisfy the requirement that findings of fact must be stated with sufficient specificity.”  
Smith Enters., Inc. v. In-Touch Phone Cards, Inc.
, 2004 ND 169, ¶ 14, 685 N.W.2d 741.  We conclude the court’s recitation and summary of testimony are insufficient to understand the rationale for the court’s decision that Haroldson had not shown that awarding him primary residential responsibility of the children would be in their best interests and that it would be in the best interests of the children for Klein to have primary residential responsibility.  We therefore conclude a remand is necessary for specific findings under the appropriate factors for deciding the best interests of the children.

III

[¶21] Haroldson also argues the district court erred in calculating his child support obligation.  Because we remand for further findings on primary residential responsibility, we do not address this issue.

IV

[¶22] We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

[¶23] Mary Muehlen Maring

Daniel J. Crothers

John C. McClintock, Jr., D.J.

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom

[¶24] The Honorable John C. McClintock, Jr., D.J., sitting in place of Kapsner, J., disqualified.