2010 ND 101

STATE of North Dakota, COUNTY OF CASS, ex rel. Nancy A. SCHLECT, formerly known as Nancy Ann Neva and C.A.W., a minor child, Plaintiffs and Appellees

v.

Troy Allan WOLFF, Defendant and Appellant.

No. 20100034.

Supreme Court of North Dakota.

June 10, 2010.

John D. Waller (argued) and Janet K. Naumann (on brief), Special Assistant Attorneys General, Fargo, ND, for plaintiffs and appellees.

Jonathan T. Garaas, Fargo, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Troy Allan Wolff appealed from the referee's order vacating the second amended judgment in this paternity action. We remand to the district court for further explanation of the referee's decision.

## I.

[¶ 2] This case raises both procedural and substantive issues. For clarity, the procedural issues will be addressed first, followed by the substantive issues.

## A.

[¶ 3] In 1996 the State sued Wolff, seeking to establish his paternity of C.A.W. and initiate a child support order. In 1997, the district court issued a default judgment finding Wolff to be C.A.W.'s nat-ural father and Nancy Ann Neva (now Schlect) to be C.A.W.'s natural mother. The district court also established a child support obligation for Wolff of $333 per month. Schlect was given primary residential responsibility of the child, subject to Wolff's right to reasonable parenting time.[1] In 1999, Wolff and Schlect stipulated to a reduction of Wolff's child support obligation to $298 per month, due to a decrease in his income. The district court entered an amended judgment reflecting the stipulation. Wolff and Schlect entered into another stipulation in January 2009. Wolff was represented by counsel, while Schlect was not. The stipulation addressed child support and residential responsibility of C.A.W. The district court entered a second amended judgment reflecting the stipulation.

[¶ 4] In October 2009, a Special Assistant Attorney General representing the Child Support Enforcement Program moved to vacate the second amended judgment under N.D.R.Civ.P. 60(b)(i), (vi). The State specifically declared it did not request oral argument. The State alleged it was a party to the action under N.D.C.C. § 14–09–09.26.

[¶ 5] Wolff filed a response, asserting Schlect concurred in his arguments. Schlect did not file her own response. In his response, Wolff requested oral argument on the State's motion. Rule 3.2(a)(3) of the North Dakota Rules of Court, governing motions practice in the courts, states:

If any party who has timely served and filed a brief requests oral argument, the request must be granted. A timely request for oral argument must be granted even if the movant has previously

---

1. When appropriate, this opinion uses the language of the amended Chapter 14–09, N.D.C.C., although the case was decided under the prior law. *See McAllister v. McAllis-ter,* 2010 ND 40, ¶ 1 n. 1, 779 N.W.2d 652 (citing *Machart v. Machart,* 2009 ND 208, ¶ 1 n. 1, 776 N.W.2d 795).

served notice indicating that the motion is to be decided on briefs. The party requesting oral argument shall secure a time for the argument and serve notice upon all other parties. Requests for oral argument or the taking of testimony must be made not later than five days after expiration of the time for filing the answer brief.

Wolff did not secure a time for a hearing as required by N.D.R.Ct. 3.2(a)(3) and the district court did not hold a hearing.

[¶ 6] Judicial Referee Susan J. Thomas issued an order vacating the second amended judgment. Referee Thomas also sent Wolff a notice of findings and order and right of review, informing him:

> You have the right of review by the District Court Judge upon filing a written request for such review, with specifications of error, with the Clerk of the District Court within (5) five days after receiving this Notice.... The Findings and Order of the Judicial Referee are deemed to have the effect of an Order of the District Court until superceded by a written Order of a District Court Judge.

Wolff did not request review of the referee's order by the district court. The record does not include a notice to the parties prior to the issuance of Referee Thomas' order of their right under Rule 13, § 8 of the North Dakota Supreme Court Administrative Rules to request the motion be heard in front of a district judge instead of a referee.

### B.

[¶ 7] Rule 13 of the North Dakota Supreme Court Administrative Rules states, in pertinent part:

> Section 4. Appointment. The presiding judge, on behalf of all of the district court judges of the judicial district, shall execute in writing the appointment of all judicial referees, to serve at the pleasure of the district court judges of the judicial district....
>
> Section 5. Scope of Delegable Duties.
>
> (a) A presiding judge, after consultation with the district court judges of the judicial district, may authorize a judicial referee to preside in any individual or class of proceedings under:
>
> > 1. Title 14 N.D.C.C., except contested divorce trials;
> > 2. Chapter 27–20 N.D.C.C.; and
> > 3. Chapter 28–25 N.D.C.C.
>
> ....
>
> (c) The order issued under Subsection (a) of this section must be reduced to writing and signed by the presiding judge of the judicial district. The order must be filed with the clerk of district court of each county of the judicial district. The presiding judge shall send a copy of this document to the State Court Administrator. A copy must be made available to any party upon request.
>
> (d) Within the limits set forth in the written order of the presiding judge, district court judges may refer individual cases or classes of cases to a judicial referee by written order.

[¶ 8] In 2008, the presiding judge of the East Central Judicial District issued an order appointing Thomas as a judicial referee. The order states, in pertinent part:

> In addition, Susan J. Thomas, Judicial Referee of this District, shall preside in all proceedings referred to her by a District Judge of this District.
>
> > 1. Title 14 of the North Dakota Century Code, except contested divorce trials.

Read literally, this order suggests an additional written order is required to refer a particular case to the referee. The record

includes no such order. Furthermore, we question whether the order can be read to authorize a referee to vacate a judgment ordered by a district court judge under N.D.R.Civ.P. 60(b). On remand, the district court must consider N.D. Sup.Ct. Admin. R. 13 and clarify the order of the presiding judge to determine whether the referee had jurisdiction to hear the State's motion.

## II.

### A.

[¶ 9] The second amended judgment includes the following section on child support, reflecting the parents' stipulation:

*Child Support.* As of February, 2009, Defendant Troy Allan Wolff has no obligation to pay child support payments to the Plaintiff. Plaintiff Nancy Ann Schlect has acknowledged receipt of, or has forgiven all of Defendant's obligation to pay child support, delinquent child support, or interest thereon, that she can forgive through the month of January, 2009, in the above entitled action. In consideration of the forgiveness of delinquent child support, Defendant Troy Allan Wolff agrees that he will not seek child support from the Plaintiff, unless he obtains public assistance and is required to seek child support from Plaintiff by the governmental authority providing public assistance to him. However, if either Plaintiff or Defendant is successful in obtaining social security administrative disability, then, in that event, the social security benefit attributable to the parties' minor child shall be paid to Plaintiff Nancy Ann Schlect as child support.

All child support obligations that are due the State of North Dakota through January 2009, by assignment of support rights from the Plaintiff, if any exist, will remain Defendant's obligation to pay.

That either party may request a review of child support pursuant to Section 14–09–08.9 of the North Dakota Century Code for child support to be paid is possible through age 19 or completion of high school, whichever first occurs.

The second amended judgment also states the parents share equal residential responsibility of C.A.W.

[¶ 10] In the brief in support of its N.D.R.Civ.P. 60(b) motion, the State asserted "Schlect has periodically received public assistance and medical assistance, and this file has been open to Title IV–D of the Social Security Act ... since June 1996." The State argued it should have been given notice and an opportunity to be heard before the district court issued the second amended judgment because it is a party under N.D.C.C. § 14–09–09.26. The State asserted the stipulated provision is unenforceable because it limits Wolff's right to seek child support. The State asserted the right to child support belongs to the child, not the parents. The State observed the stipulated language regarding potential Social Security disability benefits was "problematic" because N.D. Admin. Code § 75–02–04.1–02(11) dictates how payments made to a child are to be considered. Also, the State argued the judgment does not follow the procedure required by N.D. Admin. Code § 75–02–04.1–08.2 for determining a child support obligation when the parents have equal residential responsibility.

[¶ 11] Wolff indicated in his response the "stipulation makes clear that no attempt is being made to excuse or eliminate any repayment of public monies that may exist." Wolff asserted the State is not an interested party because no services were currently being provided to Schlect or C.A.W. Wolff further asserted the State had not provided services to C.A.W. for

"over a decade." Wolff argued the stipulation is enforceable because both parents can move for amendment of the judgment. Wolff also argued the stipulated provision regarding potential Social Security disability payments simply "eliminate[s] the need for future attorney fees."

[¶ 12] Referee Thomas' order vacating the second amended judgment stated, "Upon reading and filing the foregoing Motion to Vacate Second Amended Judgment, Brief in Support of Motion to Vacate Second Amended Judgment and pursuant to Rule 60(b) of the North Dakota Rules of Civil Procedure, I hereby grant Plaintiff's Motion to Vacate Second Amended Judgment." Referee Thomas did not provide any further explanation or justification for vacating the second amended judgment.

### B.

[¶ 13] This case raises several important substantive issues. However, the referee's order does not explain her rationale for vacating the second amended judgment. "Without a clear understanding of the district court's resolution of the subordinate facts, we are unable to properly perform our review function and address the issues raised on appeal." *Rothberg v. Rothberg*, 2006 ND 65, ¶ 16, 711 N.W.2d 219 (citing *Vigen Constr. Co. v. Millers Nat'l Ins. Co.*, 436 N.W.2d 254, 255 (N.D.1989); *Radspinner v. Charlesworth*, 346 N.W.2d 727, 730 (N.D.1984)). When considering parties' claims and arguments, "judges are not ferrets who engage in

unassisted searches of the record for evidence to support a litigant's position." *Minto Grain, LLC v. Tibert*, 2009 ND 213, ¶ 27, 776 N.W.2d 549 (citing *Coughlin Constr. Co., Inc. v. Nu–Tec Indus.*, 2008 ND 163, ¶ 9, 755 N.W.2d 867; *Buchholz v. Barnes County Water Bd.*, 2008 ND 158, ¶ 16, 755 N.W.2d 472; *State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389; *Holden v. Holden*, 2007 ND 29, ¶ 7, 728 N.W.2d 312; *Eberhardt v. Eberhardt*, 2003 ND 199, ¶ 17, 672 N.W.2d 659; *Earnest v. Garcia*, 1999 ND 196, ¶ 10, 601 N.W.2d 260) (internal quotations omitted). Similarly, we will not engage in unassisted searches through parties' briefs for a rationale supporting a court's decision. On remand, the district court must provide an explanation of its decision sufficient to inform the parties and allow this Court to properly review its decision.

### III.

[¶ 14] We remand this case to the district court for further proceedings.

[¶ 15] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.