Filed 8/18/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 164

State of North Dakota, County of Cass, 

ex rel. Nancy A. Schlect, formerly known as 

Nancy Ann Neva, and C.A.W., a minor child, Plaintiffs and Appellees

v.

Troy Allan Wolff, Defendant and Appellant

No. 20110036

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Douglas R. Herman, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

John Douglas Waller (argued) and Janet Katherine Naumann (on brief), Special Assistant Attorneys General, 4950 13th Avenue South, Suite 22, Fargo, N.D. 58103, for plaintiffs and appellees.

Jonathan T. Garaas, DeMores Office Park, 1314 23rd Street South, Fargo, N.D. 58103-3796, for defendant and appellant.

State ex rel. Schlect v. Wolff

No. 20110036

Sandstrom, Justice.

[¶1] Troy Wolff appeals from a district court order affirming and adopting a judicial referee’s order granting the State’s motion for relief from judgment and vacating the second amended judgment in this paternity action.  We conclude the State is a real party in interest and has standing, the second amended judgment contains unenforceable provisions, and the court did not err in vacating the second amended judgment.  We affirm.

I

[¶2] In 1996 the State sued Wolff, seeking to establish his paternity of C.A.W. and obtain a child support order after Nancy Ann Schlect, formerly known as Nancy Ann Neva, and C.A.W. began receiving public assistance.  In 1997 the district court issued a default judgment finding Wolff to be C.A.W.’s natural father and Schlect to be C.A.W.’s natural mother.  The court also established a child support obligation for Wolff.  Schlect was given custody of the child.  In 1999 Wolff and Schlect stipulated to a reduction of Wolff’s child support obligation, and an amended judgment was entered incorporating the stipulation.  The State was a party and signed the 1999 stipulation.  

[¶3] In January 2009, Wolff and Schlect entered into another stipulation.  Wolff and Schlect agreed they would have equal residential responsibility of the child, and they agreed to modify the child support obligation.  They agreed Wolff does not have an obligation to pay child support to Schlect, Schlect agreed to forgive Wolff’s obligation to pay support or delinquent support, and Wolff agreed he will not seek child support from Schlect.  The district court entered a second amended judgment incorporating the stipulation.

[¶4] In October 2009, the State moved to vacate the second amended judgment under N.D.R.Civ.P. 60(b).  The State alleged it was a party to the action under N.D.C.C. § 14-09-09.26, it did not agree to the stipulation, and it did not have notice or an opportunity to be heard before the stipulation was incorporated into the second amended judgment.  Wolff filed a response and requested oral argument, but he did not schedule a time for a hearing as required by N.D.R.Ct. 3.2(a)(3).  A hearing was not held.  

[¶5] The judicial referee entered an order vacating the second amended judgment.  Wolff did not request the district court to review the referee’s order, but he appealed the referee’s decision to this Court.  In 
State, County of Cass ex rel. Schlect v. Wolff
, 2010 ND 101, 783 N.W.2d 642, we remanded for further explanation of the judicial referee’s decision.  We also questioned whether the case was properly before the judicial referee or whether an order specifically referring the case to the judicial referee was required.  
Id.
 at ¶ 8.  We directed the district court to consider  N.D. Sup. Ct. Admin. R. 13, which provides rules for the appointment and referral of cases to judicial referees, and to clarify the order of the presiding judge to determine whether the referee had jurisdiction to hear the State’s motion to vacate judgment.  
Wolff
, at ¶ 8.

[¶6] On September 1, 2010, the East Central Judicial District revised its standing order for judicial referees.  The order cleared up any ambiguity about whether separate individual case assignments are necessary and provides that certain cases referred to judicial referees do not require separate case-by-case referral orders.  On September 2, 2010, the district court entered an order in this case, citing the September 1, 2010, standing order and remanding the matter to the judicial referee to clarify her reasoning for vacating the second amended judgment. 

[¶7] On November 18, 2010, the judicial referee entered an order explaining her prior order vacating the second amended judgment.  The judicial referee ruled the State is a party to the action under N.D.C.C. § 14-09-09.26 because Schlect has received assistance from the State in the past under N.D.C.C. ch. 50-09 and Schlect has had an open file with the state child support enforcement program since June 1996.  The referee also ruled the second amended judgment contains invalid and unenforceable provisions because it limits Wolff’s ability to seek a modification of the support obligation and the child’s rights to support and it does not adhere to the child support guidelines.

[¶8] Wolff requested the district court to review the judicial referee’s order.  On December 14, 2010, the district court entered an order ruling the judicial referee had jurisdiction to hear the State’s motion to vacate and adopting and affirming the judicial referee’s order after reviewing the record.

[¶9] The judicial referee had jurisdiction under N.D.C.C. § 27-05-30 and N.D. Sup. Ct. Admin. R. 13(5).  The district court had jurisdiction under N.D. Const. art. VI, § 8, N.D.C.C. § 27-05-06, and N.D. Sup. Ct. Admin. R. 13(11).  The appeal was timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶10] Wolff argues the judicial referee did not have jurisdiction to issue the order vacating the second amended judgment.  He contends the case was not properly referred to the judicial referee and the district court’s September 1, 2010, order referring certain types of cases to judicial referees cannot apply retroactively to justify the referee’s decision to vacate the second amended judgment.  He also contends the September 1, 2010, order does not specifically address whether a judicial referee has authority to vacate a judgment ordered by a district judge.

[¶11] In 
Wolff
, 2010 ND 101, ¶ 8, 783 N.W.2d 642, this Court considered the order appointing the judicial referee.  We said the order suggests an additional written order would be required to refer a particular case to the referee and noted there was not an order in the record specifically referring this case to the referee.  
Id.
  We held, “[o]n remand, the district court must consider N.D. Sup. Ct. Admin. R. 13 and clarify the order of the presiding judge to determine whether the referee had jurisdiction to hear the State’s motion.”  
Id.

[¶12] Rule 13(5), N.D. Sup. Ct. Admin. R., provides the scope of the duties the district court may delegate to a judicial referee:

(a) A presiding judge, after consultation with the district court judges of the judicial district, may authorize a judicial referee to preside in any individual or class of proceedings under:

(1) N.D.C.C. title 14, except contested divorce trials;

(2) N.D.C.C. ch. 27-20; and

(3) N.D.C.C. ch. 28-25.

(b) A judicial referee has such other authority of a district court judge as is necessary to carry out the delegated duties, including the issuance of orders to show cause, temporary restraining orders, temporary injunctions, and the power to impose remedial sanctions for contempt of court. 

[¶13] On September 1, 2010, the district court revised its standing order referring various classes of cases, including paternity and child support matters, to the judicial referee.  On September 2, 2010, the district court entered an order in this case stating that the revisions to the standing order cleared up the ambiguity about whether separate individual case assignments are necessary and that all cases covered by the order are on referral without needing a separate case-by-case referral order.  The court specifically referred this case to the referee to clarify her reasoning for vacating the second amended judgment.

[¶14] On remand, the district court properly clarified the case had been referred to the judicial referee and remanded the matter to the judicial referee to explain her decision to vacate the second amended judgment.  The judicial referee entered an order explaining her decision.  Wolff requested the district court to review the judicial referee’s decision.  The district court reviewed the record and affirmed and adopted the judicial referee’s decision.  We conclude the judicial referee had jurisdiction.

III

[¶15] Wolff argues the State does not have standing to contest the decision.  Wolff contends Schlect has not received public financial assistance for more than a decade, he does not owe the State any child support from the time when Schlect was receiving assistance, the State does not have an interest in the action, and the State does not have a right to interfere in private matters between a child’s parents. 

[¶16] 
Standing is a question of law, which is reviewed de novo on appeal.  
R.F. v. M.M.
, 2010 ND 195, ¶ 6, 789 N.W.2d 723.  Section 14-09-09.26, N.D.C.C., defines when the State is a real party in interest in paternity or support cases:

The state is a real party in interest for purposes of establishing paternity and securing repayment of benefits paid, future support, and costs in action brought to establish, modify, or enforce an order for support of a child in any of the following circumstances:

1. Whenever aid under chapter 50-09 or 50-24.1 is provided to a dependent child.

2. Whenever application is made and accepted under section 14-09-08.9 or 14-09-08.13.

3. Whenever duties are imposed on the state or its public officials under chapter 14-12.2.

[¶17] Under N.D.C.C. § 14-09-09.26(1), the State initially became a real party in interest for purposes of establishing paternity and a child support obligation when the child began receiving aid under N.D.C.C. ch. 50-09 and Schlect assigned her rights to support for the child to the Department of Human Services.  A case was opened with the child support enforcement unit, and the State brought an action to establish paternity and a child support obligation.

[¶18] Wolff argues the State’s interest and standing in the case ended when Schlect stopped receiving public assistance.  Citing N.D. Admin. Code § 75-02-01.2-09(3) and (4), Wolff claims Schlect’s case with the child support enforcement unit closed when the public assistance benefits were terminated.  He contends Schlect did not open a new case by applying for services from the child support enforcement unit under N.D.C.C. §§ 14-09-08.9 or 14-09-08.13.  However, N.D. Admin. Code § 75-

02-01.2-09 applies to the temporary assistance for needy families program and provides rules governing the closure of those cases.  The child support services program is separate and is governed by N.D. Admin. Code ch. 75-02-04, the child support enforcement regulations.  Section 75-02-01.2-09, N.D. Admin. Code, does not apply to determine whether Schlect’s case with the child support enforcement unit was closed. 

[¶19] Under N.D.C.C. §§ 50-09-01(15) and 50-09-02(16), “the North Dakota Department of Human Services and county social service boards must administer their child support enforcement programs in conformity with Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq.”  
In re R.H.
, 2004 ND 170, ¶ 8, 686 N.W.2d 107; 
see also
 N.D. Admin. Code § 75-02-04-01.1 (the purpose of N.D. Admin. Code ch. 75-02-04 is to comply with the federal regulations under title IV-D).  The State’s title IV-D program provides services relating to the establishment of paternity and the establishment, modification, or enforcement of child support obligations.  
See
 42 U.S.C.A. § 654(4); N.D. Admin. Code §  75-02-04-03.  Section 654(25), 42 U.S.C., provides that a state plan for child support must:

provide that if a family with respect to which services are provided under the plan ceases to receive assistance under the State program funded under part A of this subchapter, [title IV-A, block grants to states for temporary assistance for needy families,] the State shall provide appropriate notice to the family and continue to provide such services, subject to the same conditions and on the same basis as in the case of other individuals to whom services are furnished under the plan, except that an application or other request to continue services shall not be required of such a family and paragraph (6)(B)[, fees for services,] shall not apply to the family.

Under 45 C.F.R. § 303.11(b), a title IV-D case is not eligible for closure unless it meets at least one of the requirements for closure.  A case is eligible for closure if, “[t]he non-IV-A recipient of services requests closure of a case and there is no assignment to the State of medical support under 42 CFR 433.146 or of arrearages which accrued under a support order.”  45 C.F.R. § 303.11(b)(8).  

[¶20] After the initial judgment was entered in this case and after the child stopped receiving aid under N.D.C.C. ch. 50-09, the State continued to provide child support services to Schlect.  The State assisted Schlect in enforcing the child support obligation and collecting the ordered support.  Between 1998 and 2008 there were a number of orders to show cause filed, Wolff was found in contempt for failure to pay support multiple times, and the State was a named party in the action and appeared at the hearings.  There is nothing in the record that indicates Schlect has requested that her IV-D case be closed.  Schlect’s case with the child support enforcement unit is still open, and Schlect has not requested that it be closed.    

[¶21] Although the child no longer receives aid under N.D.C.C. ch. 50-09, the State continues to be a real party in interest because it has continued to provide IV-D child support services to Schlect since the paternity action commenced and Schlect has not requested the child support enforcement unit to close her case and stop providing services.  We conclude the State is a real party in interest and has standing.  

[¶22] As a party, the State should have been served with the stipulation and given an opportunity to be heard.  
See
 N.D.R.Civ.P. 5; 
see also
 
McWethy v. McWethy
, 366 N.W.2d 796, 798 (N.D. 1985) (judicial decision on motion of one party, without notice and an opportunity to be heard by the other party, is contrary to fundamental principles of justice and due process).  

IV

[¶23] Wolff argues the court erred in vacating the second amended judgment.  He claims the judgment does not contain unenforceable language and does not limit the power of the court to modify future child support.

[¶24] Under N.D.R.Civ.P. 60(b), a court may relieve a party from a final judgment or order if it was the product of mistake, inadvertence, surprise, or excusable neglect; the judgment is void; or for any other reason that justifies relief.  A court has discretion in deciding whether to grant a motion for relief from judgment under N.D.R.Civ.P. 60(b).  
Vanderscoff v. Vanderscoff
, 2010 ND 202, ¶ 9, 790 N.W.2d 470.  A court’s decision will not be reversed on appeal unless the court abused its discretion in ruling the moving party did or did not establish sufficient grounds for disturbing the judgment.  
Id.
  
A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.  
Id.
  However, if a judgment is void, the court does not have discretion.  
Valley Honey Co., LLC v. Graves
, 2003 ND 125, ¶ 24, 666 N.W.2d 453.

[¶25] When a stipulation has been incorporated into a judgment, we consider the interpretation and enforcement of the judgment and not the underlying agreement.  
Lee v. Lee
, 2005 ND 129, ¶ 6, 699 N.W.2d 842.  The interpretation of a judgment is a question of law and is fully reviewable on appeal.  
Id.

[¶26] Wolff and Schlect stipulated they would have equal residential responsibility of the child and agreed to modify the child support obligation.  The stipulation was incorporated into the second amended judgment.  The second amended judgment provided:

As of February, 2009, Defendant Troy Allan Wolff has no obligation to pay child support payments to the Plaintiff.  Plaintiff Nancy Ann Schlect has acknowledged receipt of, or has forgiven all of Defendant’s obligation to pay child support, delinquent child support, or interest thereon, that she can forgive through the month of January, 2009, in the above entitled action.  In consideration of the forgiveness of delinquent child support, Defendant Troy Allan Wolff agrees that he will not seek child support from the Plaintiff, unless he obtains public assistance and is required to seek child support from Plaintiff by the governmental authority providing public assistance to him.  However, if either Plaintiff or Defendant is successful in obtaining social security administrative disability, then, in that event, the social security benefit attributable to the parties’ minor child shall be paid to Plaintiff Nancy Ann Schlect as child support.

All child support obligations that are due the State of North Dakota through January 2009, by assignment of support rights from the Plaintiff, if any exist, will remain Defendant’s obligation to pay.

That either party may request a review of child support pursuant to Section 14-09-08.9 of the North Dakota Century Code for child support to be paid is possible through age 19 or completion of high school, whichever first occurs.

[¶27] The judicial referee ruled the State established the second amended judgment contained invalid and unenforceable provisions, which justified relief from the judgment.  The judicial referee found the judgment limits Wolff’s ability to seek a modification of the support obligation and it limits the child’s right to future support.  The judicial referee ruled the provision assigning any social security disability benefits for the child was invalid because an obligor’s support obligation is not necessarily the same amount as the derivative disability benefit payment.  The judicial referee also ruled the judgment does not comply with the child support guidelines, because N.D. Admin. Code § 75-02-04.1-08.2, the provision for determining support when the parents have equal physical custody, was not used to calculate future support.  The district court reviewed the judicial referee’s decision and adopted and affirmed the order.

[¶28] We agree, the second amended judgment does not follow the child support guidelines and contains provisions that are unenforceable.  There is a rebuttable presumption that a child support obligation calculated by applying the child support guidelines is the correct amount of support, but that presumption may be rebutted under N.D. Admin. Code § 75-02-04.1-09.  
Lee
, 2005 ND 129, ¶ 9, 699 N.W.2d 842. Under the child support guidelines, when each parent has equal physical custody of the child:

A child support obligation for each parent must be calculated under this chapter, and specifically ordered, assuming the other parent has primary residential responsibility for the child or children subject to the equal residential responsibility order.  The lesser obligation is then subtracted from the greater.  The difference is the child support amount owed by the parent with the greater obligation.

N.D. Admin. Code § 75-02-04.1-08.2.  An obligor’s net income from all sources is used to determine the child support obligation.  N.D. Admin. Code §§ 75-02-04.1-02 and 75-02-04.1-10.  An obligor’s gross income is used to calculate the obligor’s net income, and gross income is income from any source, including salaries, wages, social security benefits, and children’s benefits.  N.D. Admin. Code § 75-02-04.1-01 (5) and (7).  The second amended judgment fails to apply the child support guidelines to calculate a support amount.  

[¶29] Under N.D.C.C. § 14-09-09.32, “[a]n agreement purporting to relieve an obligor of any current or future duty of child support is void and may not be enforced.”  We have a strong public policy for adequate support and maintenance of a child, and the child’s best interests require the obligor to provide adequate support and maintenance for his or her minor child, and therefore “‘parental agreements that prohibit or limit the power of a court to modify future child support are invalid.’”  
Lee
, 2005 ND 129, ¶ 8, 699 N.W.2d 842 (quoting 
Smith v. Smith
, 538 N.W.2d 222, 226 (N.D. 1995)).  A child support obligation that is less than required by the child support guidelines also violates public policy and will not be enforced.  
Cline v. Cline
, 2007 ND 85, ¶ 7, 732 N.W.2d 385.  Furthermore, the right to child support belongs to the child, not the parent who has a representational right to collect support on behalf of the child.  
Sprynczynatyk v. Celley
, 486 N.W.2d 230, 232 (N.D. 1992).  

[¶30] The provision of the judgment stating, “Wolff agrees that he will not seek child support from [Schlect], unless he obtains public assistance . . .[,]” limits Wolff’s ability to seek future support for the child and is void and unenforceable.  The provision of the judgment requiring any social security disability benefits for the child to be paid to Schlect as child support is also against public policy because it may result in a support amount that is less than required by the guidelines and it limits the court’s authority to modify child support.  
Cf.
 
Zarrett v. Zarrett
, 1998 ND 49, ¶ 11, 574 N.W.2d 855 (stipulation allowing deduction from income that is not recognized by the child support guidelines improperly limits the  court’s authority to modify support and is against public policy).  

[¶31] The second amended judgment is inconsistent with the child support guidelines, limits the court’s authority to modify child support, and contains unenforceable provisions.  We conclude the court did not err in granting the State’s motion to vacate the judgment. 

V

[¶32] We conclude the matter was properly before the judicial referee, the State is a real party in interest and has standing, the second amended judgment is unenforceable, and the court did not err in vacating the second amended judgment.  We have considered the other issues and arguments raised and deem they are without merit or do not affect our disposition of this case.  We affirm the district court order affirming and adopting the judicial referee’s order vacating the second amended judgment. 

[¶33] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.