# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 107

Danel Jacobs-Raak,

n/k/a Danel Jacobs,                                                    Plaintiff and Appellee

   v.

Daniel Raak,                                                          Defendant and Appellant

   and

State of North Dakota,            Statutory Real Party in Interest and Appellee

## No. 20190123

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

DISMISSED IN PART, AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Opinion of the Court by Crothers, Justice.

Arnold V. Fleck, Bismarck, ND, for defendant and appellant.

Rodney E. Pagel, Bismarck, ND, for plaintiff and appellee.

Sheila K. Keller, Bismarck, ND, for State of North Dakota.

**Jacobs-Raak v. Raak**
**No. 20190123**

**Crothers, Justice.**

[¶1] Daniel Raak appeals from a district court order denying his post-judgment motion to redistribute property and request for an evidentiary hearing, from an order finding him in contempt and from a third amended judgment modifying his child support obligation. We dismiss as untimely Raak's appeal from the order denying his motion to redistribute property and request for a hearing. We conclude the court did not abuse its discretion by finding him in contempt but erred in determining the parties' child support obligations. We dismiss in part, affirm in part, reverse in part and remand for further proceedings.

I

[¶2] In 2015 Daniel Raak and Danel Jacobs-Raak, now known as Danel Jacobs, were divorced after an approximately 15-year marriage. In the original divorce judgment, the district court distributed the parties' marital property, awarded Jacobs primary residential responsibility for their three children, and ordered Raak to pay child support. In *Jacobs-Raak v. Raak*, 2016 ND 240, ¶¶ 1, 35, 888 N.W.2d 770, this Court affirmed in part, reversed in part, and remanded for further proceedings on the division of the parties' mineral interests. In January 2017 the district court entered an order modifying the judgment after appeal, dividing the remainder interest in the minerals.

[¶3] This appeal arises from subsequent post-judgment proceedings. In August 2017 Raak and Jacobs agreed to allow their oldest child to move from Bismarck to reside with Raak in Iowa and attend school. Raak had relocated to Iowa in 2016. In September 2017 the parties executed a written "Informal Agreement," addressing the oldest child's move to Iowa, child support and other financial obligations. On February 1, 2018, Raak filed a motion in district court seeking to amend the judgment to modify primary residential responsibility for the oldest child and his child support obligation, in addition to requesting an ex parte order. Jacobs responded and filed motions seeking

2

to amend the judgment regarding parenting time and to hold Raak in contempt for an alleged failure to pay certain child financial obligations under the judgment and parenting plan.

[¶4] In a March 21, 2018, memorandum, the district court accepted that Jacobs was not contesting the change in primary residential responsibility for the oldest child and further determined there was no need for an ex parte interim hearing at that time. On March 29, 2018, the State, as a statutory real party in interest, filed a notice of substitution of counsel and a brief in response to the parties' motions reserving its right to object to any potential proposed child support obligation. An evidentiary hearing was rescheduled for January 2019.

[¶5] On August 20, 2018, before the hearing on the pending motions, Raak filed a motion to redistribute property, seeking an order requiring Jacobs to compensate Raak for an alleged failure to comply with the original judgment's property distribution that required the parties to split the family photo scrapbooks as agreed upon at trial. He requested an evidentiary hearing on his motion to redistribute property. Jacobs opposed his motions. On October 31, 2018, the district court entered an order denying both Raak's motion to redistribute property and request for hearing. A notice of entry of order was served and filed on November 2, 2018.

[¶6] On January 25, 2019, the district court held an evidentiary hearing on modifying the parties' parenting plan and parenting time for the minor children, modifying the parties' child support obligations, and Jacobs' contempt motion. On February 12, 2019, the court issued its findings of fact, conclusions of law and order for judgment, modifying the parties' parenting time and parenting plan; modifying the parties' child support obligations for three specified periods between September 2017 and January 2019 going forward; and holding Raak in contempt of court, ordering him to reimburse certain expenses and awarding attorney's fees. A second amended judgment and order on contempt was entered on February 15, 2019. On February 22, 2019, the court entered a corrected second amended judgment and order on contempt. A notice of entry of judgment was served and filed on February 27, 2019.

[¶7] On March 5, 2019, the State filed a motion to alter or amend the judgment under N.D.R.Civ.P. 59(j), requesting the district court to reconsider the corrected second amended judgment's child support provisions. The State also submitted exhibits containing worksheets with its proposed calculations under the child support guidelines. The parties responded to the State's motion. On April 14, 2019, Raak filed a notice of appeal, appealing from the October 2018 order denying his motion to redistribute property and request for hearing and from the February 2019 order on contempt. On April 19, 2019, Raak moved to remand the matter to the district court for disposition of the State's motion to alter or amend the judgment, which this Court granted.

[¶8] On April 30, 2019, the district court entered its findings of fact, conclusions of law and order for third amended judgment, granting in part the State's motion and modifying its child support calculations for the relevant periods. On May 14, 2019, the court entered a third amended judgment, and a notice of entry of judgment was served and filed on May 15, 2019. On May 17, 2019, Raak filed an amended notice of appeal, appealing from the October 2018 order denying his motion to redistribute property and request for hearing, from the February 2019 order on contempt, and from the May 2019 third amended judgment.

II

[¶9] Raak argues the district court erred in denying his motion to redistribute property and in denying his motion for an evidentiary hearing on the motion to redistribute property.

[¶10] "Generally, a district court does not retain continuing jurisdiction to modify a final property distribution." *Lewis v. Smart*, 2017 ND 214, ¶ 11, 900 N.W.2d 812. Under N.D.C.C. § 14-05-24(3), however, "[t]he court may redistribute property and debts *in a postjudgment proceeding* if a party has failed to disclose property and debts as required by rules adopted by the supreme court or the party fails to comply with the terms of a court order distributing property and debts." (Emphasis added.) *See also Walstad v. Walstad*, 2012 ND 204, ¶¶ 10-13, 821 N.W.2d 770 (discussing the nature of the separate statutory remedy).

4

[¶11] Raak argues N.D.C.C. § 14-05-24(3) allows for a separate remedy in a post-judgment proceeding and his motion should have been consolidated for hearing with Jacobs' contempt motion. He contends the court erred in denying his motion without a hearing. He further asserts a separate evidentiary hearing would need to be held on his motion regarding Jacobs' alleged failure to turn over certain scrapbooks.

[¶12] "Before we consider the merits of an appeal, we must have jurisdiction." *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 6, 855 N.W.2d 608. "The time limit for filing a notice of appeal is jurisdictional, and we dismiss an appeal if we conclude we do not have jurisdiction." *Id.* A notice of appeal "must be filed with the clerk of the supreme court within 60 days from service of notice of entry of the judgment or order being appealed." N.D.R.App.P. 4(a).

[¶13] "Only judgments and decrees constituting a final judgment and specific orders enumerated by statute are appealable." *Inv'rs Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 23, 785 N.W.2d 863. We utilize a two-step analysis to evaluate the finality of orders for review, *i.e.*, the order or judgment must be appealable under N.D.C.C. § 28-27-02, and the requirements of N.D.R.Civ.P. 54(b), if applicable, be met. *Herzig*, at ¶ 23. Under N.D.C.C. § 28-27-02(2), "[a] final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment" is appealable. For purposes of appellate review, we generally have treated post-judgment proceedings as separate litigations from the action that produced the underlying judgment. *See, e.g.*, *Herzig*, at ¶¶ 29-30.

[¶14] An order denying a party's post-judgment motion to redistribute property under N.D.C.C. § 14-05-24(3) effectively concludes the "postjudgment proceeding" contemplated by the statute and is therefore a final appealable order under N.D.C.C. § 28-27-02. This comports with our prior decisions. *Cf. First W. Bank & Trust v. Wickman*, 527 N.W.2d 278, 279 (N.D. 1995) (order denying motion to partially vacate prior judgment appealable under N.D.C.C. § 28-27-02(2)); *In re C.W.*, 453 N.W.2d 806, 808-09 (N.D. 1990) (order denying motion to vacate a final judgment appealable under N.D.C.C. § 28-27-02(2)); *B.R.T. v. Exec. Dir. of Soc. Serv. Bd.*, 391 N.W.2d 594, 597 (N.D. 1986) (same).

Although other post-judgment motions to amend the judgment and for contempt were pending, the court's order denying Raak's motion to redistribute property under N.D.C.C. § 14-05-24(3) and request for hearing was final in that it was a complete denial and contemplated no further proceedings on the motion. Because no other claim for relief or party was involved in Raak's post-judgment motion to redistribute property, N.D.R.Civ.P. 54(b) does not apply.

[¶15] Here, the district court entered its order denying Raak's motion to redistribute property and request for hearing on October 31, 2018, and a notice of entry of order was served and filed on November 2, 2018. Raak filed his initial notice of appeal, appealing from the October 2018 order, on April 14, 2019, well beyond the 60-day period for appealing the order.

[¶16] Raak suggested at oral argument to this Court that he renewed his August 2018 motions to redistribute property and for an evidentiary hearing at the January 2019 evidentiary hearing and preserved his issues about the court's earlier denial of the motions. His argument, however, is unavailing.

[¶17] At the January 25, 2019, evidentiary hearing, the following colloquy occurred between Raak's counsel and the court while discussing the issues to be addressed at the hearing:

> "MR. FLECK: . . . . We also filed a Motion for Property distribution—Redistribution. You denied that.
> THE COURT: Already made an order on that.
> MR. FLECK: Yes. But I'm—to preserve my right on appeal, I'm going to try to put evidence in and I'll understand that you probably won't allow it.
> THE COURT: I won't allow it so there's probably enough for your appeal. I've already issued—
> MR. FLECK: Yeah. I just want to make sure I don't lose that by not raising it here at this stage.
> THE COURT: That's fine. *You've got your timeframe from today*. This was the hearing set but I've already ordered I won't hear it and so if you want to appeal that, that's up to you. But that's fine, it's noted for appeal purposes. Okay."

6

(Emphasis added.)   Additionally, the district court's subsequent orders for judgment entered on February 12, 2019, and April 30, 2019, disposed of the parties' pending motions and "noted" the following:

> "It is further noted that following the filing of the above motions, defendant did file a motion seeking to redistribute property.  That motion was denied and addressed via this Court's Order dated October 31, 2018.  Defendant verbally renewed this motion at the January 25, 2019 hearing and on the basis of this Court's October 31, 2018 Order, said verbal motion is once again denied."

[¶18] This language in the subsequent orders for judgment, however, did not render the October 2018 order appealable, because that order was final and contemplated no further action and the time to appeal passed.  "An order, which is complete, which is final, and which does not anticipate or direct further action, is appealable." *Morley v. Morley*, 440 N.W.2d 493, 495 (N.D. 1989) (holding belated entry of an amended judgment did not extend or renew time for appeal from a final order that was complete in itself and did not contemplate further action).

[¶19] Based on the forgoing, Raak's appeal from the order denying his motion to redistribute property and request for hearing is untimely.  His appeal of the October 2018 order was not filed within 60 days of the notice of entry of the order.  Therefore, we do not have jurisdiction to review the order and dismiss his appeal from that order.

### III

[¶20] Raak argues the district court erred in finding him in contempt.

[¶21] "The district court has broad discretion in making contempt decisions." *Rath v. Rath*, 2017 ND 128, ¶ 9, 895 N.W.2d 306.  "We will only disturb a district court's contempt determination if the court abused its discretion." *Id.* "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a

rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law." *Id.*

[¶22] Raak contends he presented sufficient testimony and evidence establishing he did not "intentionally, willfully, or inexcusably" disobey the judgment provisions on the parties' mutual obligation to reimburse expenses, in this case for the children's extracurricular activities and health care costs. *See Holkesvig v. Welte*, 2012 ND 14, ¶ 9, 809 N.W.2d 323 ("Intentional, willful and inexcusable disobedience of a court order constitutes contempt of court under N.D.C.C. § 27-10-01.1(1)(c)."). He also contends the court erred because some of the expenses claimed by Jacobs did not fall into a category to be reimbursed under the judgment.

[¶23] Jacobs responds, however, that there were multiple and significant bases on which to hold Raak in contempt justifying the district court's findings. She submitted exhibits and testified about her efforts to get him to pay the expenses and his refusal to acknowledge and pay them. She asserts the court found Raak to be not credible regarding his explanations for not paying the claimed expenses.

[¶24] In its February 2019 order, the district court made detailed findings explaining its decision finding Raak in contempt. The court noted that he is obligated to pay 50% of mutually agreeable extracurricular expenses, that there was evidence he was aware of and either explicitly or tacitly agreed to the children participating in the activities, and that he failed to present any evidence he informed the children he was not agreeable to them participating.

[¶25] The district court also found Raak refused without reasonable and appropriate justification to pay health care expenses required by the judgment, knowing the expenses had been incurred and were a financial burden to Jacobs. The court found Jacobs made efforts to gain Raak's compliance over a two-and-a-half year period, sought to avoid the expense of litigation, and only filed her motion for contempt after Raak filed his motions.

[¶26] On our review, the district court explained its rationale for finding Raak in contempt of court and evidence supports its findings and decision. The court did not abuse its discretion in finding him in contempt.

IV

[¶27] Raak argues the district court erred in deciding the parties' child support obligations. The child support guidelines, N.D. Admin. Code ch. 75-02-04.1, govern child support determinations. *Brew v. Brew*, 2017 ND 242, ¶ 24, 903 N.W.2d 72; *Raap v. Lenton*, 2016 ND 195, ¶ 5, 885 N.W.2d 777. Our standard for reviewing a district court's child support decision is well established:

> "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. The district court errs as a matter of law if it fails to comply with the child support guidelines in determining an obligor's child support obligation."

*Halberg v. Halberg*, 2010 ND 20, ¶ 8, 777 N.W.2d 872 (internal citation and quotation marks omitted); *see also Verhey v. McKenzie*, 2009 ND 35, ¶ 5, 763 N.W.2d 113 (stating importance of accurately calculating obligor's net income under the child support guidelines).

[¶28] Here, the district court granted Raak's motion under N.D.R.Civ.P. 60(b) to provide relief from the judgment of his child support obligation, as set forth in the parties' "Informal Agreement." The court relied on the agreement to set the parties' child support obligation from September 2017 through the end of January 2018. For subsequent periods the court adopted calculations proposed by the State as following the child support guidelines, applying N.D. Admin. Code § 75-02-04.1-07(6) to impute income to Raak for failing to furnish reliable income information. The court's third amended judgment provided:

> "a. Defendant [Raak]'s obligation in the amount of $1,452.00 shall remain in effect through the month of August, 2017.
> b. From September 1, 2017 through the end of January, 2018, the month prior to which defendant [Raak] filed his motion

9

and the plaintiff [Jacobs] stipulated to S.A.R. [the oldest child] being under the permanent residential responsibility of the defendant, Defendant's child support obligation shall remain at $1,452.00 per month and per the agreement, Plaintiff's support obligation shall be $425.00 per month, resulting in Defendant having a net support obligation of $1,027.00 per month. Defendant shall be given full credit for all support payments he has made through the child support system. Plaintiff shall be given full credit for the two payments of $425.00 she has made back to Defendant and the minor child as demonstrated by Plaintiff's Exhibit I.

c. Commencing February 1, 2018 and through the end of 2018, due to Defendant's failure to provide reliable income information, Defendant's child support obligation is calculated for two children is imputed based upon one hundred percent of the prevailing wage for an experienced accountant in the state of North Dakota, $71,280.00. This amount is reduced by his W-2 earnings of $12,000.00, resulting in a net imputed income of $59,280.00. Defendant's annual gift income of $5,000.00 and his average self-employment income of $3,695.00 is also included, resulting in an annual gross income of $79,975.00. This results in a net income of $5,171.00 per month and a child support obligation of $1,472.00 per month. Plaintiff's child support obligation for one child shall be based upon her 2018 gross income, $31,665.00, resulting in a net income of $2,236.00 per month in a child support obligation of $463.00 per month. Off-setting these two support obligations, defendant shall have an obligation of support in the amount of $1,009.00 per month for the period of time between February 1, 2018 and December 31, 2018. Defendant will be given credit for all past child support payments made during this time.

d. Commencing January 1, 2019 and proceeding forward, due to Defendant's failure to provide reliable income information, Defendant's child support obligation is calculated for two children is imputed based upon one hundred percent of the prevailing wage for an experienced accountant in the state of North Dakota, $71,280.00. This amount is reduced by his W-2 earnings of $12,000.00, resulting in a net imputed income of $59,280.00. Defendant's annual gift income of $5,000.00 and his average self-employment income of $3,695.00 is also included, resulting in an annual gross income of $79,975.00. Plaintiff's annualized gross income is $40,788.00. Her net monthly income, for child support

10

purposes, is $2,837.00, resulting in a child support obligation of $558.00 per month. Offsetting these two support obligations for payment purposes, defendant shall have an ongoing obligation of support in the amount of $914.00 per month. Defendant's support obligation shall continue in effect until S.A.R. turns 18 in June 2020 unless she is still attending high school, in which event support shall continue until S.A.R. has graduated from high school or turns age 19, whichever event occurs earlier. Once there is no longer a support obligation for the plaintiff, Defendant's child support obligation shall be $1,472.00 per month."

[¶29] Raak argues the district court erred in deciding each parties' child support obligations for three periods from August 2017 through January 2018; from February 2018 through December 2018; and from January 2019 going forward. Among other things, he argues the court misapplied N.D. Admin. Code § 75-02-04.1-05 for determining self-employment income and N.D. Admin. Code § 75-02-04.1-07 for imputing income to him. He contends the court erred in finding he did not produce reliable information about his gross income from earnings. He further contends the court erred by failing to determine the parties' net income under the child support guidelines at or near the time of the signing of their agreement to modify child custody and child support. Raak argues the court also erred in failing to allow evidence on an alleged $76,000 "financial windfall" Jacobs received from her parents between February 2015 and the January 2019 evidentiary hearing.

[¶30] "Generally, a modification of child support should be made effective from the date of the motion to modify, absent good reason to set some other date, and the 'court retains discretion to set some *later effective date*, but its reasons for doing so should be apparent or explained.'" *Sonnenberg v. Sonnenberg*, 2010 ND 94, ¶ 16, 782 N.W.2d 654 (quoting *Marchus v. Marchus*, 2006 ND 81, ¶ 8, 712 N.W.2d 636 (emphasis added)); *see also Bertsch v. Bertsch*, 2006 ND 31, ¶ 7, 710 N.W.2d 113; *Geinert v. Geinert*, 2002 ND 135, ¶ 10, 649 N.W.2d 237. In *Brakke v. Brakke*, 525 N.W.2d 687, 689-90 (N.D. 1994), this Court provided a narrow exception, allowing retroactive relief when both parents agree to an actual change in primary residential responsibility for an extended period. In that limited circumstance, "Rule 60(b)([6]), N.D.R.Civ.P., can be

used to provide relief from the unjust enforcement of the de facto custodial parent's support obligation." *Id.* at 690. The so-called *Brakke* exception was not a retraction from our position that "vested support rights cannot be retroactively modified." *Id.*; *see also Sonnenberg*, 2010 ND 94, ¶ 17, 782 N.W.2d 654; *Krizan v. Krizan*, 1998 ND 186, ¶ 11, 585 N.W.2d 576.

[¶31] Additionally, under N.D.C.C. § 14-09-09.32, "[a]n agreement purporting to relieve an obligor of any current or future duty of child support is void and may not be enforced." "We have a strong public policy for adequate support and maintenance of a child, and the child's best interests require the obligor to provide adequate support and maintenance for his or her minor child, and therefore parental agreements that prohibit or limit the power of a court to modify future child support are invalid." *State ex rel. Schlect v. Wolff*, 2011 ND 164, ¶ 29, 801 N.W.2d 694 (quoting *Lee v. Lee*, 2005 ND 129, ¶ 8, 699 N.W.2d 842) (internal quotation marks omitted); *see also Smith v. Smith*, 538 N.W.2d 222, 226 (N.D. 1995).

[¶32] "A child support obligation that is less than required by the child support guidelines also violates public policy and will not be enforced." *Wolff*, 2011 ND 164, ¶ 29, 801 N.W.2d 694. "[T]he right to child support belongs to the child, not the parent who has a representational right to collect support on behalf of the child." *Id.* Generally, "[t]he [child support] guidelines contemplate a greater cost of providing for the first child of a household and do not reflect a pro rata allocation of support for each child." *Steffes v. Steffes*, 1997 ND 49, ¶¶ 27-29, 560 N.W.2d 888 (holding a "pro rata credit" misapplied the guidelines and remanding for recalculation based on the obligor's monthly net income, the number of children eligible for support and the child support guidelines). *Id.* at ¶¶ 27-29; *see also Zarrett v. Zarrett*, 1998 ND 49, ¶ 10, 574 N.W.2d 855.

[¶33] Based on the parties' September 2017 agreement allowing the oldest child to reside with Raak in Iowa, the district court granted retroactive relief to Raak from the judgment's child support obligation beginning September 1, 2017. However, rather than calculating an amount under the child support guidelines, the court adopted the agreement's calculation that continued Raak's full child support obligation of $1,452 per month but requiring Jacobs

to "return" $425 per month to Raak for "temporarily supporting" the oldest child, effectively reducing his obligation to $1,027 per month. While the court did not err in applying *Brakke* on the basis of the parties' agreement and Raak's motion for relief under N.D.R.Civ.P. 60(b), the court erred adopting the agreement's calculation not based on the guidelines.

[¶34] Unlike our decision in *Jacobs-Raak v. Raak*, 2016 ND 240, ¶¶ 29-30, 888 N.W.2d 770, which involved the parties' stipulated interim amount of child support before the final judgment, the district court's decision here retroactively modified Raak's obligation established in the original judgment. The court was required to calculate the parties' child support obligations under the child support guidelines. N.D.C.C. § 14-09-09.7(4) ("There is a rebuttable presumption that the amount of child support that would result from the application of the child support guidelines is the correct amount of child support."). This Court has said:

> "The district court has discretion to calculate an obligor's child support payments through the child support guidelines under N.D. Admin. Code ch. 75-02-04.1. *Langwald v. Langwald*, 2016 ND 81, ¶ 16, 878 N.W.2d 71. However, '[e]ach child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined.' N.D. Admin. Code § 75-02-04.1-02(10)."

*Brew*, 2017 ND 242, ¶ 24, 903 N.W.2d 72 (quoting *Raap*, 2016 ND 195, ¶ 7, 885 N.W.2d 777). The third amended judgment in this case fails to apply the child support guidelines to calculate a proper amount of child support for September 2017 through the end of January 2018. At a minimum, remand is necessary for recalculation of the child support obligations for 2017 and 2018.

[¶35] We reverse and remand to the district court for further proceedings to recalculate child support based on the parties' monthly net income, the number of children eligible for support and the child support guidelines. Because we are remanding for further proceedings, the court in its discretion may reopen the record to address the issues Raak raised on appeal regarding its child support determination.

V

[¶36]  We dismiss the appeal from the order denying his motion to redistribute property and request for a hearing, and we affirm the order finding him in contempt.  We reverse the third amended judgment modifying his child support obligation, and the case is remanded for further proceedings.

[¶37]  Daniel J. Crothers
        Gerald W. VandeWalle
        Jon J. Jensen, C.J.
        Jerod E. Tufte
        Lisa Fair McEvers