# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2026 ND 60

Nicholas Jon Emme,                                    Plaintiff and Appellee

v.

Christal Rose Emme,                                   Defendant and Appellant

and

State of North Dakota,                            Statutory Real Party in Interest

### No. 20250277

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann Edward Greenwood, Judge.

AFFIRMED.

Per Curiam.

Gary D. Ramsey, Dickinson, ND, for plaintiff and appellee.

Theresa L. Kellington, Bismarck, ND, for defendant and appellant.

**Per Curiam.**

[¶1]  Christal Emme appeals from a divorce judgment awarding Nicholas Emme primary residential responsibility of their minor child. She argues the district court erred by failing to enter findings with sufficient specificity to show the factual basis for the custody decision, erred in granting Nicholas Emme primary residential responsibility, erred in its denial of her request to relocate with the child to Utah, erred in granting her the parenting time set forth in the judgment, and erred in calculating child support. We conclude the district court's findings are sufficient, its awards of primary residential responsibility and parenting time are not clearly erroneous, and the court did not err in awarding child support based on the parties' stipulation.

[¶2]  While the district court cannot delegate to a parenting investigator its authority to award primary residential responsibility, the court here did not abuse its discretion "to determine what weight to assign to the [parenting] investigator's conclusions." *Vandal v. Leno,* 2014 ND 45, ¶ 25, 843 N.W.2d 313. The court also did not err in denying Christal Emme's request to relocate as "unnecessary" because it first made the initial determination to award primary residential responsibility to Nicholas Emme. *See Sayler v. Sayler*, 2023 ND 156, ¶¶ 13, 20, 994 N.W.2d 351 (providing N.D.C.C. § 14-09-07(1) and (2) "prohibit a parent from changing a child's primary residence without a court order when an order granting primary or equal residential responsibility exists" and "when the initial determination of residential responsibility and a request to relocate are raised in the same proceeding, generally a district court must first determine primary residential responsibility by applying the best interest factors before addressing the relocation request by applying the *Stout-Hawkinson* factors"); *cf. Asiama v. Asumeng*, 2023 ND 114, ¶¶ 17-19, 992 N.W.2d 543 (stating "[t]he *Stout-Hawkinson* factors are considered when a custodial parent requests to change the residence of a child to another state under N.D.C.C. § 14-09-07," but holding "the court did not err by addressing the *Stout-Hawkinson* factors as part of its consideration of [best-interest] factor (m)" in making an initial residential

responsibility determination). Further, despite Christal Emme's assertion Nicholas Emme testified he would not expect her to pay him child support, "[a]n agreement purporting to relieve an obligor of any current or future duty of child support is void and may not be enforced." N.D.C.C. § 14-09-09.32(1); *see also Jacobs-Raak v. Raak*, 2020 ND 107, ¶ 32, 942 N.W.2d 879 ("[T]he right to child support belongs to the child, not the parent who has a representational right to collect support on behalf of the child.").

[¶3] We summarily affirm the divorce judgment under N.D.R.App.P. 35.1(a)(2), (4), and (7).

[¶4]   Lisa Fair McEvers, C.J.
       Daniel J. Crothers
       Jerod E. Tufte
       Jon J. Jensen
       Douglas A. Bahr